THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* OMEGA CHAPTER OF PSI UPSILON FRATERNITY, Appellant.

*Opinion filed February 18, 1926.*

1. TAXES—*judgment sustaining objections cannot be changed at subsequent term—review.* A court, after expiration of the term at which a judgment is rendered, cannot set the judgment aside or amend it except in matters of form and after notice, and where the county court has sustained objections to taxes it cannot at a subsequent term overrule the objections and enter judgment *nunc pro tunc;* and the point may be raised for the first time on appeal, as it is a question of jurisdiction of the subject matter, and the objector is not estopped by failing to raise it in the trial court.

2. APPEALS AND ERRORS—*when bill of exceptions is not necessary.* Where the error complained of appears on the face of the record there is no necessity to except to the ruling, and it is not necessary that there be a bill of exceptions.

APPEAL from the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding.

MONTGOMERY, HART & SMITH, (WILLIAM P. MAC-CRACKEN, JR., and VICTOR C. MILLIKEN, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, (ROY MASSENA, and WILLIAM J. GRACE, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant seeks review of the judgment of the county court of Cook county overruling its objections to an application for judgment for delinquent taxes levied against its property.

Appellant, a Greek letter fraternity, objected that its property was used for charitable and educational purposes and was therefore exempt under the laws of the State of Illinois as that of a charitable corporation. It appears that on July 21, 1925, the county court entered the following judgment in the case: "This day come certain objectors [appellant] by their attorney, and the People of the State of Illinois by the State's attorney come also, and thereupon, after a hearing, said objections are hereby sustained and judgment refused." This judgment was entered at the July term of that court. On August 31, 1925, at the August term, that court overruled appellant's objections and entered judgment against its lands *nunc pro tunc* as of August 7, 1925.

Appellant contends that having entered judgment sustaining its objections at the July term the jurisdiction of the court over the subject matter had become exhausted, and that its order entered on the 31st day of August, being at a later term, was void for want of jurisdiction. It has long been settled in this State that after the expiration of a term of court at which a judgment is entered the court has no authority to set aside the judgment for any alleged error of law and can only amend it in matters of form,

after notice to the opposite party. *People* v. *Weinstein,* 298 Ill. 264; *Cramer* v. *Illinois Commercial Men's Ass'n,* 260 id. 516; *People* v. *Wilmot,* 254 id. 554; *Barnes* v. *Henshaw,* 226 id. 605; *Baldwin* v. *McClelland,* 152 id. 42; *Becker* v. *Sauter,* 89 id. 596; *Knox* v. *Winsted Savings Bank,* 57 id. 330; *Cox* v. *Brackett,* 41 id. 222; *Cook* v. *Wood,* 24 id. 295.

Appellee points out that no bill of exceptions was filed in this court, and urges that the objections of appellant can not be here urged upon a common law record; also, that appellant was present in court by counsel and did not then raise the objection now urged, and therefore cannot raise it for the first time here. The rule is, that in cases where, as here, the error complained of appears on the face of the record there is no necessity to except to the ruling, and it is not necessary, therefore, that there be a bill of exceptions filed in this court. *People* v. *Larsen,* 265 Ill. 406; *City of Chicago* v. *Mecartney,* 216 id. 377; *McChesney* v. *City of Chicago,* 151 id. 307; *Wiggins Ferry Co.* v. *People,* 101 id. 446; *People* v. *Dragstran,* 100 id. 286.

Nor is there any merit in the contention of appellee that appellant is estopped from urging its objection here. The objection goes to the court's jurisdiction of the subject matter. Such an objection, it is well settled, can be raised at any time.

Other questions are raised and argued in the briefs, but as our views concerning the question discussed require a reversal of the judgment of the county court it does not become necessary to consider further questions.

The judgment of the county court will be reversed.

*Judgment reversed.*