(No. 21886.—

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Appellee, *vs.* FRED KLEIN *et al.* Appellants.

*Opinion filed June 22, 1933.*

HARRY M. EHRLICH, and IRVING S. ABRAMS, for appellants.

JOHN A. SWANSON, State's Attorney, JOHN E. PEDDERSON, and LOUIS H. GEIMAN, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

Fred Klein and Ida Klein have appealed from a judgment of the county court of Cook county overruling their motion to vacate an order of sale of their land for non-payment of taxes. The action assailed was an order entered July 24, 1931, for the sale of certain real estate for delinquent 1929 taxes. A misdescription of the property

was claimed, based upon the method used in publishing a description of the delinquent tax list in a Chicago newspaper.

The advertisement and notice in question were prepared in an abbreviated form, as allowed by statute, intending to contain the name of the owners, the amount of unpaid taxes and legal description of delinquent lands or lots. So far as the lands involved are concerned, the notice appeared as follows:

| "Name & Desc | Lt | Blk | $cts |
|---|---|---|---|
| Jos Downey (ex s 44.5 ft. e½ | | | |
| ex s 38 ft w½) lot 1 and | | | |
| (ex s 48½ ft) w½ s½ | 2 | 21 | 1478.92" |

This abbreviated description was a part of thousands of others published in like manner at the same time. Reference to the abstract shows that the description above was a part of like descriptions extending through nearly four newspaper columns, all referring to lots and blocks and their subdivisions, numbered from block 1 to block 60, in "School Sec. Addn. to Chicago, sec. 16 T 39 R 14." This was the common head above the column and was easily distinguishable because printed in larger or capital type.

The objection that the court had no jurisdiction because of misdescription of the property was based upon the claim that each tract described was not complete in itself, and that the court had no right to supplement the description with the common heading above the column. This claim is without merit, as the method of describing the property in the delinquent list was plain and easily understood. A reasonable degree of certainty in the description of real estate for purposes of taxation is sufficient. (*Carrington* v. *People*, 195 Ill. 484.) The description was sufficient to enable the identification of the land by a competent surveyor with reasonable certainty, without the aid of extrinsic evidence. *Cairo, Vincennes and Chicago Railway Co.* v. *Mathews*, 152 Ill. 153.

Since there was no misdescription the county court's order of June 24, 1931, was not void for lack of jurisdiction, as claimed by appellants. No irregularity in the proceedings resulting in a judgment and order of sale is sufficient to set aside a forfeiture. (*Biggins* v. *People*, 106 Ill. 270.) The motion to vacate the order of sale was not made until May 4, 1932. After the term at which the order of sale was entered had passed, the county court was without jurisdiction to alter the judgment and order of sale or recall the forfeiture declared. *People* v. *Psi Upsilon Fraternity*, 320 Ill. 326.

The judgment of the county court is affirmed.

*Judgment affirmed.*