(No. 21740.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES H. BESLEY & Co. Appellant.

*Opinion filed October 21, 1933.*

HAROLD L. FEIGENHOLTZ, (SIDNEY RUBIN, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, LEE R. LA-ROCHELLE, SAMUEL F. BLOCK, WILLIAM B. WALRATH, and ELMER M. WALSH, (TIMOTHY G. LOWRY, HAYDEN N. BELL, ROBERT S. CUSHMAN, MANUEL E. COWEN, and JACOB SHAMBERG, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The People of the State brought an action of debt in the circuit court of Cook county against Charles H. Besley & Co. to recover the general taxes levied on its personal property for the year 1930 and returned delinquent. To the declaration, the defendant interposed the plea of *nil debet*. The cause was heard by the court without a jury and judgment was rendered against the defendant for $1974, with the statutory penalty and costs. The defendant prosecutes this appeal.

The appellant, Charles H. Besley & Co., is a domestic corporation engaged in business in the city of Chicago. For the year 1930, it delivered to the board of assessors of Cook county a schedule of its personal property placing the value thereof, on April first of that year, at $30,000. The board accepted the schedule and assessed the appellant's personal

property at $30,000, the sum fixed by the schedule. The appellant made no complaint against this assessment either to the board of assessors or the board of review, and the general taxes for the year 1930 were extended thereon. These taxes, amounting to $1974, were not paid, but became delinquent and this suit followed.

The contentions of the appellant are that for the year 1930 all personal property in Cook county was equalized at thirty-seven per cent of its fair cash market value; that the constitutional rule of uniformity in taxation required a reduction in the assessed value of the appellant's personal property to the same proportion of its value as scheduled; that its personal property assessment, if so reduced, would have produced taxes for the particular year, amounting to $738 instead of $1974, and that the assessment as made results in a discrimination against the appellant in violation of the constitution.

Section 1 of article 9 of the constitution requires the value of property for taxation "to be ascertained by some person or persons, to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise." The power to impose burdens and to raise money is a legislative power, and may be exercised only by or under the authority of the legislature. (*Jeffery Building Corp.* v. *Harding,* 347 Ill. 336; *People* v. *Sweitzer,* 339 id. 28; *People* v. *Millard,* 307 id. 556; *Burton Stock Car Co.* v. *Traeger,* 187 id. 9; *Keokuk and Hamilton Bridge Co.* v. *People,* 185 id. 276; *Meriwether* v. *Garrett,* 102 U. S. 472; *Rees* v. *City of Watertown,* 86 id. 107). The persons elected or appointed, pursuant to section 1 of article 9 of the constitution, to ascertain the value of property for the purposes of taxation, are exclusively vested with that power and courts may not exercise it. By the Revenue act of 1898 (Cahill's Stat. 1931, p. 2366; Smith's Stat. 1931, p. 2427), as it read at the time the assessment in question was made, the power to value property for pur-

poses of assessment, in counties having a population of two hundred fifty thousand, was vested, in the first instance, in the board of assessors, and later, upon review, in the board of review. Section 23 of the act made it the duty of the board of assessors to meet on the third Monday of June in each year to revise the assessment of personal property. By section 34 the board of review was required to meet on or before the third Monday in June of each year for the purpose of revising the assessment of property. Adjournments of the meeting of each board from day to day, when necessary, were authorized, save that the board of assessors was enjoined to finish its revision on or before the first day of July and the final adjournment of the board of review was required not later than the seventh day of September. The fourth paragraph of section 35 provided that on complaint in writing that any property described in the complaint was incorrectly assessed, the board of review should review the assessment and correct it, as appeared to be just. The Revenue act of 1898, therefore, provided not only the means for the assessment of property, but also the agencies to which, at times fixed by the act, the tax-payer might have recourse for the revision of his assessment and the attainment, to the extent practicable, of the rule of uniformity in taxation enjoined by the constitution.

Under section 1 of article 9 of the constitution, the courts, in the absence of fraud, have no power to review or determine the value of property fixed by the proper officers for purposes of taxation. (*Jeffery Building Corp.* v. *Harding,* 347 Ill. 336; *Kinderman* v. *Harding,* 345 id. 237; *Hettler Lumber Co.* v. *Cook County,* 336 id. 645; *Hulbert* v. *People,* 189 id. 114; *Burton Stock Car Co.* v. *Traeger,* 187 id. 9; *Keokuk and Hamilton Bridge Co.* v. *People,* 145 id. 596; *Republic Life Ins. Co.* v. *Pollak,* 75 id. 292; *Spencer & Gardner* v. *People,* 68 id. 510). It is only where a valuation has been fraudulently made that it is subject to judicial review. (*Kinderman* v. *Harding,* 345 Ill. 237;

*People* v. *Sweitzer*, 339 id. 28; *Heidenway* v. *Harding*, 336 id. 606; *County of Cook* v. *Columbia Ins. Co.* 329 id. 189; *Beidler* v. *Kochersperger*, 171 id. 563; *Keokuk and Hamilton Bridge Co.* v. *People*, 145 id. 596; *People* v. *Lots in Ashley*, 122 id. 297; *Ottawa Glass Co.* v. *McCaleb*, 81 id. 556; *Republic Life Ins. Co.* v. *Pollak*, 75 id. 292; *Spencer & Gardner* v. *People*, 68 id. 510). For an excessive or unequal assessment, where the complaint is not fraud but an error of judgment merely, the sole remedy is an application for an abatement to such statutory agencies as have been provided for hearing the complaint. *Kinderman* v. *Harding*, 345 Ill. 237; *Hettler Lumber Co.* v. *Cook County*, 336 id. 645; *Hulbert* v. *People*, 189 id. 114; *Keokuk and Hamilton Bridge Co.* v. *People*, 145 id. 596; *Buttenuth* v. *St. Louis Bridge Co.* 123 id. 535; *People* v. *Lots in Ashley*, 122 id. 297; *Humphreys* v. *Nelson*, 115 id. 45.

The rule of uniformity in taxation, invoked by the appellant, lies at the foundation of the taxing power in this State. (*People* v. *Orvis*, 301 Ill. 350). No person should be compelled to pay a greater proportion of taxes, according to the value of his property, than another. (*Peoples Gas Light and Coke Co.* v. *Stuckart*, 286 Ill. 164). In the case at bar, fraud on the part of the assessing officers was neither charged nor proved. If the appellant desired to question the assessment upon its personal property on the ground that it was excessive or discriminatory, complaint to that end should have been made to the board of review. The means of enforcing the rule of uniformity were available to it. The appellant could not ignore its statutory remedy and later seek to interpose as a defense to an action for the recovery of the delinquent taxes, the excessive or unequal assessment of its property. *People* v. *Spurgeon Mercantile Co.* 352 Ill. 620; *People* v. *Elmwood Cemetery Co.* 317 id. 547.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*