(No. 22559.—

THE PEOPLE *ex rel.* Thomas D. Nash, County Collector, Appellee, *vs.* THOMAS J. NORTON, Appellant.

*Opinion filed October 24, 1934—Rehearing denied Dec. 13, 1934.*

THOMAS J. NORTON, *pro se,* (ANDREW R. SHERRIFF, of counsel, for appellant.)

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, JACOB SHAMBERG, LOUIS H. GEIMAN, WILLIAM P. KEARNEY, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

We are asked by this appeal to determine whether an assessment of farm land was in such excess of its true value as to be a fraud upon the appellant,. Thomas J. Norton. The land is located in Cook county about thirty miles from Chicago, and the appeal comes from a judgment of the county court of Cook county which overruled appellant's objections and ordered the land sold for the 1931 delinquent general taxes.

At the hearing before the county court appellant introduced evidence by three witnesses tending to show that the fair cash value of the seventy-one acres in question was not over $100 an acre, or $7100, including the buildings. He claimed that the quadrennial assessment of 1931, wherein the land and buildings were assessed at $20,998 and a tax levied on thirty-seven per cent of that valuation, was arbitrary, confiscatory, fraudulent and a denial of due process of law. Prior to the hearing in the county court he had made complaint against the assessment on the same ground before the board of appeals and was denied relief. From the evidence it appears that there had been no sales of land in the vicinity of appellant's property for several years prior to 1931; that most of the land in that neighborhood could then be bought for $100 per acre for farming purposes, although prior to the deflation, which began in 1929, some of these same lands had been valued at from $250 to $500 an acre. No rebuttal evidence was presented, except a showing that the other farm lands immediately adjacent to appellant's farm were assessed in 1931 at from $300 to $450 an acre.

The constitution provides (art. 9, sec. 1,) that the ascertainment of the value of property for taxation purposes shall be vested in such persons as are determined by the legislature and prohibits the fixing of such values by any other person. (*People* v. *Sweitzer,* 339 Ill. 28; *People* v. *Millard,* 307 id. 556; *Jeffery Building Corp.* v. *Harding,* 347 id. 336.) Courts have no power to fix the value of property for taxation. Such valuation is not open to supervision of the judicial department of the State unless it is dishonestly made and so excessive as to amount to fraud. (*Oak Ridge Cemetery Corp.* v. *Tax Com.* 299 Ill. 430; *Burton Stock Car Co.* v. *Traeger,* 187 id. 9; *People's Gas Light Co.* v. *Stuckart,* 286 id. 164; *People* v. *Millard, supra.*) The presumption is that the tax is just and that the officers levying it have honestly discharged their duties, and the burden is upon the objector to establish fraud by clear and sufficient evidence. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 Ill. 327; *In re Maplewood Coal Co.* 213 id. 283.) In the absence of fraud, courts have no power to review or determine the value of property fixed for the purposes of taxation by the proper officers and cannot set up their judgment of values as against that of persons to whom the legislature has delegated the duty of determining values. *People* v. *Millard, supra; Jeffery Building Corp.* v. *Harding, supra; Kinderman* v. *Harding,* 345 Ill. 237; *Hettler Lumber Co.* v. *Cook County,* 336 id. 645; *People* v. *Lots in Ashley,* 122 id. 297.

Fraud in the assessment of property cannot always be shown by proof of its over-valuation. An assessment is not fraudulent merely because it is excessive, if the assessor has acted from proper motives. (*People* v. *Hassler,* 262 Ill. 133.) Fraud may lie where an assessment is made excessive or unfair by corrupt practices or arbitrary action, but in such cases the proof must be clear to warrant interference by the courts. (*Sanitary District* v. *Gifford,* 257

Ill. 424, and cases cited.) Whether there is fraud on account of an excessive assessment or levy will depend largely upon the circumstances of each particular case. (*Burton Stock Car Co.* v. *Traeger, supra.*) In the present case appellant has not shown by clear and convincing proof that the assessment was so grossly excessive as to shock the conscience or to be evidence of fraud or that it was made with some corrupt, dishonest or illegal motive. As was justly indicated by the county court, appellant was probably over-assessed to some degree in 1931. To remedy this condition the legal machinery set up by the legislature to hear and determine complaints has, especially in Cook county, been swamped with thousands of like petitions from distressed property owners during the past few years. This unfortunate condition is one of which we can properly take judicial notice but one which neither the county court nor this court has power to rectify. In the hearing below it was shown that appellant's farm land was assessed slightly less than that of his closest neighbors. No evidence was produced to show that the assessor practiced any discrimination or acted dishonestly or from corrupt motives in determining the value of appellant's land. The record fails to show anything to indicate that the assessor was not actuated by good faith or that the assessment was not made in the exercise of his honest judgment. It has often been held that an assessment of property for taxation cannot be impeached by any mere difference of opinion as to its value between the assessing officers and the court. *People* v. *Stewart,* 315 Ill. 25.

The order of the county court overruling objections of appellant was fully justified, as the evidence failed to substantiate the charge of fraud on the part of the assessing officers, without proof of which that court was powerless to grant relief.

The judgment is affirmed.                    *Judgment affirmed.*