(No. 22874.—

THE PEOPLE *ex rel.* Otis Brittain, County Collector, Appellee, *vs.* ADDISON OUTWATER *et al.* Appellants.

*Opinion filed June 14, 1935.*

622

CLARENCE E. SOWARD, for appellants.

JAMES E. DENTON, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Appellants were objectors in the county court of Hardin county to an application for judgment and order of sale of certain land for the taxes of 1933. Their objections were overruled and judgment of sale was entered. From this judgment the present appeal was taken.

The land in question, used for fluorspar mining, was assessed at the regular quadrennial period by the assessor in 1931 at a value of $59,000, representing a twenty per cent reduction from its former assessment. Appellants paid all taxes on this reduced valuation for the years 1931 and 1932, but on August 21, 1933, they filed a written complaint with the board of review alleging the valuation in the assessment to be excessive and seeking a reduction. No action was taken by the board of review on their complaint and no effort appears to have been made to compel the board of review to take any action. This was the situation when the objections were filed in the county court in September, 1934, to the application for judgment and order of sale.

The power to ascertain the value of property for purposes of taxation and to impose tax burdens and raise money may be exercised only by or under the authority of the legislature. (*People* v. *Sweitzer,* 339 Ill. 28; *People*

v. *Millard,* 307 id. 556.) The persons elected or appointed, pursuant to section 1 of article 9 of the constitution, to ascertain the value of property for taxation are exclusively invested with that power and courts may not exercise it. (*Jeffery Building Corp.* v. *Harding,* 347 Ill. 336.) Courts have no power to fix the value of property for taxation, and before a tax-payer may resort to the courts for relief he must show that he has been diligent in pursuing his remedy to have the assessment corrected by the board of review or that he was prevented from pursuing such remedy by fraud, accident or mistake. (*Kinderman* v. *Harding,* 345 Ill. 237; *People* v. *Hart,* 332 id. 467.) Appellants here made no attempt to compel the board of review to give them a hearing upon their complaint, and no showing is made that they were prevented from pursuing this remedy by fraud, accident or mistake. Under repeated decisions of this court they thereby waived their right to question the alleged over-assessment in the county court upon application of the county collecter for judgment. (*People* v. *Beemsterboer,* 356 Ill. 432; *People* v. *Reinecke,* 354 id. 351.) If, as is claimed here, the board has neglected or refused to act and review the alleged fraudulent assessment their remedy was by *mandamus.* (*People* v. *Cesar,* 349 Ill. 372; *People* v. *Goldberg,* 354 id. 423; *Loewenthal* v. *People,* 192 id. 222.) Appellants were provided with a statutory remedy, which they could not ignore and later seek to interpose an alleged excessive or discriminatory assessment of their property as a defense to an action in the county court for the recovery of the delinquent taxes. (*People* v. *Besley & Co.* 353 Ill. 472; *People* v. *Spurgeon Mercantile Co.* 352 id. 620; *People* v. *Elmwood Cemetery Co.* 317 id. 547.) This disposes of the first six objections, relating to the alleged excessive, unreasonable and disproportionate valuation, and also of objections 10 and 11, which alleged the assessment was void because it had not been reviewed by the board of review.

By another objection it was claimed that the land assessed was insufficiently described and therefore void for uncertainty. The alleged faulty description is as follows: "The NW Pt. of the SE quarter of the SW quarter of section 34, township 11 south, range 9 east, twenty-four (24) acres." The legal description of the property as it appears from the record is, "That part lying north and west of a certain roadway that crosses the SE¼ of the SW¼ of section 34, township 11 south, range 9 east," containing "twenty-four acres;" or, as it is stated by another description, "Pt. of the S. E. quarter of the S. W. quarter of section 34, township 11 south, range 9 east, being all that part of said S. E. of the S. W. quarter lying north and west of a certain roadway crossing said land." A description for the purposes of taxation is to be construed with reference to the well known custom of describing property for purposes of taxation with respect to letters, characters and abbreviations permitted by statute. (*People* v. *Klein,* 353 Ill. 80.) Any description by which the property may be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, is good. (*People* v. *Southern Gem Co.* 332 Ill. 370; *Law* v. *People,* 80 id. 268.) The rule may be less stringent as to a description of property for taxation than in a grant or conveyance intended to pass title absolutely. (*Carrington* v. *People,* 195 Ill. 484; *Greenwood* v. *Town of LaSalle,* 137 id. 225; *Fowler* v. *People,* 93 id. 116.) A description will be held sufficient which can be rendered certain by oral proof without enlarging or varying the terms but which simply explains whatever ambiguity there may be in the terms actually used. (*Colcord* v. *Alexander,* 67 Ill. 581.) In the present case it is obvious that there could be only one twenty-four-acre tract within "the NW Pt. of SE quarter of the SW quarter" of the section, town and range mentioned. The names of the owners were known, and they were not misled by the description, for when filing their objections

they asserted that they were the owners of the following described real estate, to-wit: "Pt. of the S. E. quarter of the S. W. quarter of section 34, township 11 south, range 9 east, being all of that part of said S. E. of the S. W. quarter lying north and west of a certain roadway crossing said land." The description to which objection is made recites that the tract contains twenty-four acres, and Martin Schwerin, one of the owners and the general manager of the mining company, testified that it contained that number of acres. It is apparent that a single tract containing twenty-four acres constitutes more than one-half the area of the forty-acre tract described and its location is definitely fixed in the north and west parts thereof. For the purpose of the tax the land was sufficiently described. *People* v. *Southern Gem Co. supra; Colcord* v. *Alexander, supra; Law* v. *People, supra; Winslow* v. *Cooper,* 104 Ill. 235.

It is claimed by another objection that the publication notice was defective. The record discloses that appellants appeared and made a defense to the merits of the assessment for which judgment was sought against their property. It is immaterial that at the commencement of the proceeding a motion to dismiss for want of a proper notice was made and overruled. When they made a defense to the merits they submitted to the jurisdiction of the court, and it became immaterial whether the notice was defective. *People* v. *Fisher,* 341 Ill. 621; *People* v. *Jones,* 333 id. 382; *People* v. *Southern Gem Co. supra; People* v. *Smith,* 281 Ill. 538.

Two other objections asserted, in substance, that the assessment was void because the board of review was not properly qualified to review the same. These objections are without merit, because a collateral attack cannot be so made upon the organization of the board of review.

Objections 8 and 13 to the highway commissioner's levy for road district No. 1 should have been sustained.

The amount of $2000 levied against the taxable property of the district for the purpose of "proper construction, maintenance and repair of roads and bridges" in the district is for a tax in a lump sum and is not sufficiently definite to disclose to the tax-payers the purposes for which the money is to be expended. A levy for roads and bridges is required to be separated. The tax-payer is entitled to know how much is levied for roads and how much for bridges. .People v. New York Central Railroad Co. 316 Ill. 526; People v. Millard, supra.

In addition to the fourteen written objections filed in the county court and above considered, appellants sought at the time of the hearing to amend their objections in two particulars: one relating to an alleged excess of four cents on the $100 valuation for mothers' pensions, and the other relating to an alleged improper extension of county and State aid taxes in one column. The court refused to permit these amendments to be made, and its refusal is also assigned as error. We have held that amendments to objections should be permitted so far as may be necessary to fairly present any existing valid objections to the application for judgment and sale against lands for delinquent taxes, if made in apt time. (Chicago, Madison and Northern Railroad Co. v. People, 207 Ill. 312; People v. Millard, supra.) In these cases we held that the matter of permitting the filing of additional objections after the time for filing objections has expired rests in the sound discretion of the court and is not subject to review in the absence of abuse of that discretion. The two proposed amendments were not made in apt time. They were not, in fact, amendments to any of the fourteen written objections· on file but were entirely new, distinct and unrelated objections, which for the first time were brought to the court's attention during the progress of the hearing. Under these circumstances we are not prepared to say that the county

628

court abused its discretion in refusing to permit them to be considered.

The judgment of the county court is affirmed in all respects except as to objections 8 and 13, relating to the highway commissioner's lump sum levy for road and bridge taxes. In this latter respect the judgment is reversed and the cause is remanded, with directions to sustain those two objections as to the validity of the tax.

*Affirmed in part, reversed in part and remanded, with directions.*