(No. 25634.—

THE PEOPLE *ex rel.* John Toman, County Collector, Appellee, *vs.* THE OLYMPIA FIELDS COUNTRY CLUB, Appellant.

*Opinion filed June 14, 1940.*

ROBERT N. HOLT, for appellant.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, JOHN T. FITZGERALD, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county overruling objections to the application of the county collector for judgment and order of sale for delinquent taxes for the year 1934 against the property of the appellant.

The property assessed consists of four eighteen-hole golf courses together with surrounding lands, buildings and improvements attendant to the usual golf and country club. The property is located about twenty-six miles south of the central business district of Chicago, along the Illinois Central railroad, and is surrounded almost entirely by farming lands. The proper authorities of Cook county assessed the property at amounts ranging from $525 to $575 per acre, while the adjoining farm lands were assessed at from $150 to $363 per acre. The only issue is whether the property of the Olympia Fields Country Club was assessed at so grossly excessive an amount, in comparison with the assessed value of adjoining properties, as to constitute a fraud against the property owner.

Appellant claims that the facts show that the taxing authorities have assessed the land for taxation purposes at a value grossly in excess of its market value, and that such assessment was deliberately and wilfully made, which it is claimed gives rise to a constructive fraud. Appellee answers that the lands of appellant are of an entirely different nature, use, and value from that of surrounding farm lands; that the use of the property for golfing and country club purposes, together with its special improvements, is sufficient ground for its segregation as a class of property in a different category from land used only for farming purposes.

Section 1 of article 9 of the Illinois constitution requires that taxation shall be by general law uniform as to the class upon which it shall operate. This court adheres to the doctrine that this provision of the constitution means uniformity as applied to a class. No prohibition against classification of property and taxpayers into different classes can be read into the constitution. (*Coal Run Coal Co.* v. *Finlen,* 124 Ill. 666; *The Hub* v. *Hanberg,* 211 id. 43.) The uniformity referred to applies to property of like kind and character and similarly situated. (*People* v. *Wiggins Ferry Co.* 357 Ill. 173.) For the appellant to show that the constitutional provision has been violated, it must prove that the lands adjoining the tract and selected by them for comparison purposes are similar in kind and in character. Mere proximity is not sufficient to prove a disparity in assessment of land values, for such a measure ignores the existence of valuable improvements erected on one particular tract. (*Forest Preserve District* v. *Caraher,* 299 Ill. 11; *People* v. *Goldberg,* 354 id. 423.) The testimony of the appellant's witnesses tends to show that a water system for the golf course was installed at a cost of $65,000. In addition, the statement of facts submitted to the trial court by the appellant reveals that the putting greens on the

golf course were constructed at a cost of $50,000. It was proper, therefore, for the county authorities to assess the appellant's land in a classification different from the category of farm lands.

In *People* v. *Millard,* 307 Ill. 556, we said that the assessor and board of review have a right to take into consideration their own knowledge and information acquired by their investigation, and may compare the value of the property in question with that of other property of the same character. In accord with this authority, appellee submitted proof indicating that the land and grounds of other golf and country clubs in the south side metropolitan district of Chicago were assessed at about the same values established for the lands of the appellant. The property of the Dixmoor Country Club was shown to be assessed at $700, $800 and $1000 per acre; that of the Calumet Country Club at $750 per acre; the grounds of the Flossmoor Country Club at $750 per acre; Ravisloe Country Club at $1100 per acre, and Idle Wild Country Club at $750 per acre. The farm lands adjacent to these country club tracts were assessed at between $200 and $400 per acre. From these facts it is apparent that appellant's property was assessed in the same value clasification as other country clubs similarly situated and of like character.

Concerning the appellant's claim of constructive fraud, the rule is that fraud in the valuation of property for purposes of taxation must be proved by clear and sufficient evidence. (*People* v. *Millard, supra; People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 Ill. 327; *In re Maplewood Coal Co.* 213 id. 283.) The presumption is that the tax is just and that the tax-levying officers have performed their duties. The objector must establish by clear and convincing evidence that fraud has been committed. (*People* v. *Norton,* 358 Ill. 272.) Examination of the record fails to disclose that the property of appellant was assessed at a value grossly in excess of the market value; that the assess-

ment was not made in the exercise of honest judgment, or that the assessor committed any act of discrimination against the appellant. The appellant has failed to sustain its burden of establishing either actual or constructive fraud by clear and convincing evidence.

The judgment of the county court in overruling the objections of appellant is affirmed. *Judgment affirmed.*