(No. 27833.—

THE PEOPLE *ex rel.* Dale Tedrick, County Collector, Appellee, *vs.* ALLIED OIL CORPORATION OF ILLINOIS, Appellant.

*Opinion filed November 22, 1944.*

220

WILL P. WELKER, of Vandalia, for appellant.

ROBERT G. BURNSIDE, State's Attorney, of Vandalia, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Allied Oil Corporation of Illinois filed in the county court of Fayette county an objection to its personal property tax for the year 1941. It is claimed that under the rules for assessing personal property for said county, said corporation should have been assessed only sixty per cent of the full valuation of its property, and that it was wrong-

fully and excessively assessed in the amount of $60,005. This resulted in a tax being extended against said corporation in the sum of $2522.22. The corporation paid $1519.33, and objected to the balance on the ground of excessive assessment. The matter of objection being heard in the county court, it was found that the amount so extended was valid and that it did not constitute an illegal assessment. Judgment was entered by the court against the Allied Oil Corporation for the balance of the 1941 personal taxes in the sum of $1012.89. It was from this order the appeal is taken.

The facts out of which the controversy arises are as follows: The Allied Oil Corporation was doing business and maintaining its office, at and prior to April 1, 1941, in Avena township in Fayette county. Its property consisted of office furniture and fixtures, merchandise, goods on hand and in process, machinery and equipment, accounts receivable, and inventory, valued by the appellant at $60,005. This was the sum given to the assessor by appellant in its schedule and was the sum fixed therein by such schedule. Appellant made no complaint against this assessment either to the assessor or the board of review and the general taxes for the year 1941 were extended thereon. Appellant contends that for the year 1941, its personal property was assessed at its full valuation; that under the rule adopted and followed for the assessing of personal property in said county, other personal property was assessed for taxation at only sixty per cent of the full value thereof; that the constitutional rule of uniformity in taxation required the assessment of appellant's property at sixty per cent of its value as scheduled; that the assessment as made was a discrimination against appellant in violation of the constitution; that if said personal property had been assessed in the same proportion to its full value as was other personal property in the county; appellant's tax would have amounted to $1519.33, instead of $2522.22,

and for that reason the said tax, to the extent of $1012.89, was excessive and void.

Appellant insists the rule of uniformity in taxation has been violated and that such rule lies at the foundation of all taxing power. (*People* v. *Besley & Co.* 353 Ill. 472; *Bistor* v. *McDonough*, 348 Ill. 624.) That equality and uniformity in taxation, in accordance with the value of the property is guaranteed by the constitution of this State and that of the United States, cannot be denied. (*People ex rel. Toman* v. *Chicago Union Station Co.* 383 Ill. 153; *People ex rel. Wangelin* v. *St. Louis Bridge Co.* 357 Ill. 245.) The constitution requires that one person shall not be compelled to pay a greater proportion of the taxes according to the value of his property than another and does not permit the valuation by taxing officials of one piece of property at a certain proportion of its true value and other property in the same taxing district at a substantially less or greater proportion of its true value. (*People ex rel. Toman* v. *Chicago Union Station Co.* 383 Ill. 153.) It is true the statute requires that property must be assessed at its fair cash value; however, it is the constitutional right of a taxpayer whose property is assessed at its fair cash value, to have his assessment reduced to the percentage of that value at which the property of others is assessed generally in the taxing district. The constitutional requirement of uniformity in taxation is controlling and statutes pertaining to taxation must yield thereto. (*People ex rel. Wangelin* v. *Wiggins Ferry Co.* 357 Ill. 173; *Sioux City Bridge Co.* v. *Dakota County,* 260 U. S. 441.) If it could be said, as claimed by appellant, that its property was assessed at a higher per cent of its true value than other property subject to like taxation, a disproportionate burden was placed on appellant and its property.

It is apparent that property generally throughout Fayette county was assessed at sixty per cent of its fair cash value. In the schedule filed by appellant it estimated the

fair cash value of its property at $60,005. Appellant now contends that the action of the assessor in not accepting such value as the fair cash value of said property was a denial of its constitutional rights. Appellant assumes that the amount of the estimate returned by it must be accepted as the valuation of the property. With this we cannot agree. It is provided by the constitution that the ascertainment of the value of property for the purpose of taxing it be vested exclusively in such persons as are determined by the legislature, and the constitution prohibits the fixing of such value by any other person. (*People ex rel. Brittain* v. *Outwater,* 360 Ill. 621; *People ex rel. Bracher* v. *Millard,* 307 Ill. 556.) The assessor and not the taxpayer makes the assessment. It is his judgment and not that of the taxpayer that controls. (*Felsenthal* v. *Johnson,* 104 Ill. 21.) It is true a property owner has the right to give his estimate of the value of his property but the law requires the assessor to determine and fix the fair cash value of his, as well as all other, property. (*Tolman* v. *Salomon,* 191 Ill. 202.) The assessor is not bound to accept the taxpayer's valuation of his property as correct. (*People* v. *Kimmel,* 323 Ill. 261.) If the assessor has, however, fixed a valuation entirely out of proportion to the actual value of the property so that it can readily be seen that such assessment by the taxing officer was unfair, deliberate and in gross defiance of the rights of the property owner, the court will interpose in the defense of the taxpayer. (*People ex rel. Wangelin* v. *St. Louis Bridge Co.* 357 Ill. 245; *People ex rel. Wangelin* v. *Wiggins Ferry Co.* 357 Ill. 173.) This court held (*Bistor* v. *McDonough,* 348 Ill. 624, *certiorari* denied, 287 U. S. 641,) that it is only where a valuation of taxable property has been fraudulently made and the complaining taxpayer has not waived his right to relief, that the assessment is subject to judicial review. The decision of the person or body elected or appointed to ascertain the value of property for the pur-

pose of taxation is not, in the absence of fraud, subject to the supervision of the court. (*County of Cook* v. *Columbia Ins. Co.* 329 Ill. 189.) But an excessive valuation knowingly and intentionally made in violation of the constitutional rule of uniformity amounts to constructive fraud and no proof of actual fraud is required. *People ex rel. Ross* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 381 Ill. 58.

Testimony was offered that, in making the assessment, the assessor visited the premises of the appellant several times before appellant had filed its schedule; that in looking over the premises and talking with various employees it was his judgment the property was well worth more than $100,000, and that, in his opinion, the value reported as shown by appellant's schedule, of $60,005, was about sixty per cent of what it was really worth. This was about all of the testimony as to value. The schedule of appellant's personal property was introduced in evidence showing the value returned by it to be the same as the assessor's value on which the tax was extended. Schedules of personal property for the year 1941, of Black Sivalls and Bryson, Vovaird Supply Company, Carter Oil Company, Glen Durbin, and Fix Rig & Lumber Company, were introduced in evidence in which the valuations fixed by the assessor were approximately sixty per cent of those given the assessor by the taxpayer.

The testimony of the assessor, along with appellant's personal property schedule shown as an exhibit, was the only evidence in any way pertaining to the value of appellant's property. Such evidence does not establish the value of said property at $60,005, nor does it prove that said property was assessed at a higher rate than other property. Nor did it, as appellant claims, place upon the collector the burden of proving the justness of the assessment. The presumption is that the tax is just and that the officers levying it have honestly discharged their duties, and the

burden is upon the objector to establish fraud by clear and sufficient evidence. (*People ex rel. Nash* v. *Norton,* 358 Ill. 272; *People ex rel. Stuckart* v. *Chicago, Burlington and Quincy Railroad Co.* 290 Ill. 327; *In re Maplewood Coal Co.* 213 Ill. 283.) The record fails to show anything to indicate that the assessor was not actuated by good faith or that the assessment was not made in the exercise of his honest judgment. It has often been held that an assessment of property for taxation cannot be impeached by any mere difference of opinion as to its value between the assessing officers and the court. (*People* v. *Norton,* 358 Ill. 272; *People ex rel. Carr* v. *Stewart,* 315 Ill. 25.) The burden is on the appellant to show that the assessment is so grossly excessive as to amount to evidence of fraud or that the assessor in making the same, willfully and intentionally discriminated against the appellant. *People* v. *Norton,* 358 Ill. 272.

In view of the evidence in this case, we do not see how it could be said there was in fact any disproportionate burden placed on the property of appellant or any intention on the part of the assessor so to do.

It is urged by the collector that the statute, by giving a taxpayer the right to appeal before the board of review in order to correct any erroneous valuation of property, provides adequate protection against excessive or discriminatory assessments; that the appellant failed to take advantage of its statutory remedy before the board of review and cannot now interpose such a defense. In this we think the appellee is correct as there has been a failure on the part of appellant to prove any fraud either actual or constructive. *People* v. *Outwater,* 360 Ill. 621; *People ex rel. McDonough* v. *Reinecke,* 354 Ill. 351; *People* v. *Besley & Co.* 353 Ill. 472.

The order of the county court was justified, and its judgment is affirmed.

*Judgment affirmed.*