(No. 32083.—

The People *ex rel.* George E. Ruchty, Jr., County Collector, Appellant, *vs.* Edward J. Saad, Appellee.

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

LEE E. DANIELS, State's Attorney, (CHARLES W. HADLEY, and PALMER LEREN, of counsel,) all of Wheaton, for appellant.

EDGAR J. ELLIOTT, of Wheaton, (BERNARD McDEVITT, of Chicago, of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This case, involving revenue, is appealed by the county collector of Du Page County, on behalf of the People, from the county court of the same county. The county court sustained objections of certain taxpayers upon the col-

lector's application for judgment and sale for delinquent taxes of the year 1947, and the People have appealed directly to this court.

The particular case in which judgment was entered and appeal taken involved the property of Edward J. Saad, one of 3352 individual taxpayers who raise the same objection, and it was stipulated that the hearing should be upon the Saad case, and the same judgment rendered for the other objectors.

The point presented for determination is the validity of the order of the Department of Revenue of the State of Illinois in equalizing the assessed value of property in Du Page County by raising it 20.48% to make the assessed value an estimated full 100% of fair cash value.

The objections to the assessments after they had been equalized by the Department of Revenue are, first, that said Department acted arbitrarily without a hearing or notice and deprived objector of due process of law; second, that the valuations placed upon the property as revised by the Department of Revenue are based upon supposed resale values, whereas the assessment or value of real estate owned by railroads is fixed and determined on a basis wherein resale value is not considered; and, thirdly, that the Department of Revenue did not increase the assessed value of railroad property by the same factor, whereby the equalized assessment was discriminatory and arbitrary.

The county court, after a full hearing, entered a judgment sustaining the objections for the following reasons: First, that the Department of Revenue in equalizing the assessments in Du Page County relied upon incompetent and insufficient evidence; second, that the Department of Revenue in establishing the equalization factor acted in an arbitrary and capricious manner, and, third, that the Department of Revenue in establishing the equalization factor for Du Page County failed and neglected to classify or differentiate between property of various classes, to-wit,

personal property and real property and vacant property, and, thereupon, the objection, so far as it applied to taxes levied upon a valuation in excess of that made by the local assessor, was sustained.

It is apparent at once that the decision in this case will affect the equalization of assessed values by the Department of Revenue in every county in the State, since the statute required the equalization factor of each county to be certified to every county and the tax rates computed by the county clerks upon the assessed values as finally determined after the application of the equalization factor. Ill. Rev. Stat. 1947, chap. 120, par. 632.

The collector assigned numerous errors to the decision and judgment of the county court, which require a consideration of the purpose, method, and result of equalization as required by the constitution and implemented by statute.

Section 1 of article IX of the constitution provides for property taxes based upon valuations, and excise or privilege taxes as provided by acts of the legislature. Property taxes must be by valuations so that every person shall pay a tax in *proportion to the value of his property*. Excise taxes can be levied by the authority of the General Assembly as it shall direct by general law, uniform as to the class upon which the tax operates.

It has been repeatedly held that the constitution imposes a mandatory duty upon the taxing authorities, which is executed through various bodies created by the General Assembly, such as the State Board of Equalization, the Tax Commission, and, at present, by the Department of Revenue. The names of these bodies created to equalize taxes has changed from time to time, but their duties, with slight changes, have remained substantially the same since the adoption of the constitution. The duty of the Department of Revenue is prescribed in section 146 of the Revenue Act (Ill. Rev. Stat. 1947, chap. 120, par. 627,) as follows:

"The Department shall act as an equalizing authority. It shall examine the abstracts of property assessed for taxation in the several counties as returned by the county clerks and shall equalize the assessments as in this Act provided. The Department shall lower or raise the total assessed value of property in any county as returned by the county clerk so that such property will be assessed at its full, fair cash value.

"By means of a comparison of assessed valuations, as revised by boards of review or boards of appeals, as the case may be, and estimated full, fair cash values established through the analysis of property transfers, property appraisals, and such other means as it deems proper and reasonable, the Department shall annually ascertain and determine the percentage relationship, for each county of the State, between the valuations at which locally-assessed property is listed by assessors and revised by boards of review or board of appeals, as the case may be, and the estimated full, fair cash value of such property.

"With the ratio so ascertained and determined for each county, the Department shall then ascertain the amount to be added to or deducted from the aggregate reviewed assessment on property subject to local assessment jurisdiction in order to produce a ratio of assessed to full, fair cash value equivalent to one hundred per cent."

It will be observed that the duty of the Department of Revenue, as an equalizing authority, is mandatory, as is also its duty to examine the abstracts of property assessed for taxation in the several counties and to lower or raise the assessed value in each county so that property throughout the State will be assessed at its estimated fair cash value. Likewise, the general method by which this may be done is prescribed by the second paragraph of this section, and after ascertaining whether the local assessment is higher or lower than an estimated 100% of its fair cash

value, the duty of the Revenue Department is to raise or lower the local assessment so as to conform to that figure.

The question in the present case is whether the objector has shown that the Department of Revenue has failed in any manner to observe the law in equalizing the assessment in Du Page County. Upon the hearing the assessor of each one of the nine townships in the county, as well as members of the Board of Review and agents of the Department of Revenue, were sworn and examined. It appears without much question, after the testimony of the several assessors had been heard, that the assessed value of all the real estate in Du Page County was something less than 70% of the estimated fair cash value of the property; that the Board of Review examined all of the assessments of the different townships and found that some of them were too low and some of them too high and reassessed property so that the average, as shown by the testimony of one of the members of the Board of Review, was between 65% and 70% of the estimated fair cash value of the property. We do not find anything in the record or in the argument of counsel where the valuation of property fixed by the local assessors and by the Board of Review of Du Page County is questioned, so it is established that the assessed value of property as returned by the local bodies was between 65% and 70% of the estimated fair cash value. The Department of Revenue sent its agents and representatives to Du Page County, as it did to the other counties in the State, for the purpose of equalizing assessed valuations. The evidence shows that the representatives searched the records of the recorder's office and gathered information as to the sales of property of both farm lands and lots; that they examined the assessed valuation of both farm and urban properties shown on the assessment records; that they established certain rules for the comparison of these valuations; that in checking up sales

of property they did not consider family sales, or where the sale was by quitclaim deed, or forced sales, and that in determining the consideration they used both that recited in the deed and that derived from the amount of revenue stamps attached and, in addition, sent out questionnaires to individual buyers or sellers about transfers. The evidence shows that they considered in Du Page County the sale of over 1240 tracts of farm and city property for the year 1944, over 1700 for the year 1945 and almost 1500 for the year 1946, and made analyses and comparisons, and thus established a median or basis from which to determine the ratio of value increase or decrease. From such examination, research and application of factors and rules, the Department of Revenue determined that the value as assessed by the local authorities amounted to approximately 83% of the full, fair cash value of property in Du Page County. In establishing this basis of 83%, an allowance of 12% was made over the assessed value as fixed by the local authorities so that if the average assessed valuation by the local authority was 69% to 70% it was considered to be 12% higher than that before any change in equalization factor was undertaken by the Department .of Revenue. After it was determined by the Department of Revenue that the average assessed valuation for the county (from an average of all the townships) was 83% of the estimated full, fair cash value of the property, the Department of Revenue entered a finding and order that the assessed value should be raised 20.48%. This figure was derived by dividing 100% (of valuation) by 83% which would make a multiplier of 1.2048 to be applied to each tract of property.

There is no evidence that the property of the objector has been assessed for more than its full cash value after the application of the multiplier required by the Department of Revenue, (*People ex rel. Tennyson* v. *Texas Co.* 406 Ill. 120,) and there is no evidence that we can find

that there is any discrimination between the property of the objector or other property similar to his, or that the objector's taxes have been increased by reason of the application of the multiplier, although appellee argues that it is possible that it might be increased.

The duty of the Department of Revenue in establishing uniformity of taxation is not an assessment duty, but an equalizing duty. It has nothing to do with the levying of the taxes. It only equalizes the assessed valuations of property so that taxation throughout the State will be uniform for those taxpayers who must pay upon a State-wide assessed valuation. *Mobile and Ohio Railroad Co.* v. *State Tax Commission,* 374 Ill. 75.

The manner of obtaining uniformity in assessed valuations is exclusively for the legislature to determine, and when that manner has been prescribed, courts do not grant relief unless assessments are actually fraudulent or so excessive as to amount to fraud. *People ex rel. Schlaeger* v. *Allyn,* 393 Ill. 154.

While the constitution provides for uniformity, the rule does not require that the assessments must always be made by the same officer or class of officers or that the same methods of ascertaining values must be followed for all classes of property. Thus, the General Assembly may provide for the assessment of capital stock of some corporations by the State Board of Equalization or the Revenue Department and the capital stock of other corporations by local assessors. *The Hub* v. *Hanberg,* 211 Ill. 43; *Sterling Gas Co.* v. *Higby,* 134 Ill. 557; *People* v. *Allyn,* 393 Ill. 154; *People ex rel. Prindable* v. *Union Elecric Power Co.* 392 Ill. 271; *People ex rel. Toman* v. *Olympia Fields Country Club,* 374 Ill. 101.

Unless expressly prohibited, the Department of Revenue, as an original assessor of railroad property, can determine the value from evidence or from its own knowledge. (*People ex rel. Dale* v. *Chicago, Lake Shore and*

*Eastern Railroad Co.* 286 Ill. 576.) It has also been held that no objection can be made to the application of the multiplier required by the Department of Revenue unless, by reason thereof, the taxes of the objector have been increased. *People ex rel. Ingram* v. *Wasson Coal Co.* 403 Ill. 30; *People ex rel. Schmulbach* v. *City of St. Louis,* 408 Ill. 491.

The rules applicable to actual fraud or excessive valuation or overvaluation through error of judgment are not presented in this case because there is no evidence that shows that property was excessively valued or overvalued or that any fraud whatever occurred.

In the first specific finding of the court that the evidence relied upon by the Department was incompetent or insufficient, we believe the court overlooked the proposition that the assessment is presumed to be valid and the burden is upon the objector to show that the assessment or the tax to be derived therefrom is excessive. *People* v. *City of St. Louis,* 408 Ill. 491; *People ex rel. Johnson* v. *Robison,* 406 Ill. 280; *People* v. *Olympia Fields Country Club,* 374 Ill. 101.

As a matter of fact, the record presented in this case disclosed beyond all question that the objector has not been damaged or injured by the action of the Department of Revenue. It is admitted that the assessed valuation of the real property in Du Page County was 70% or less than its estimated fair cash value. To this percentage the Department of Revenue allowed 12% before consideration of applying the equalization factor and then the increase was approximately 20%, so that, as compared to the assessed value of the local authorities, the increased assessed value as found by the Department of Revenue still lacked some 10 or 12% of being full, fair cash value of the property in Du Page County. Regardless of what methods the Department of Revenue used, whether it considered the judgment of its inspectors or of sales of property in the county, the

fact remains that the assessed value of the local authorities was 30% less than the full, fair cash value of the property, and the application of the equalization factor of the Department of Revenue did not raise the assessed value above its fair cash value. While the court finds that the Department relied upon incompetent and insufficient evidence, if the result was not incorrect the use of incompetent or insufficient evidence or even improper methods of valuation would not invalidate the assessment. As a matter of fact, the statute provided for the kind of evidence used by the Department. It provides that it may examine the assessed valuation as revised by boards of review and, by analysis of property transfers or appraisals and such other means as it deems proper and reasonable, determine the percentage between local valuations and 100% of fair cash value. Since it appears that the equalization ratio has resulted, so far as Du Page County is concerned, in fixing an assessed value less than 100% of full, fair cash value, the first finding of the court can have no effect upon the validity of the assessment, nor is there any justification in the finding of the court that the action of the Department of Revenue was arbitrary or capricious when it is apparent that the value fixed by the board is less than the assessed value required by statute.

The order of the court also found that the Department of Revenue failed and neglected to classify or differentiate between property of different classes, namely, personal property, real property and vacant property. Apparently, the court had in mind section 148 of the Revenue Act, (par. 629,) as it existed in 1939, which required the Tax Commission, in equalizing the valuation of property, to consider different classifications. The court, however, overlooked that sections 147 and 148 (pars. 628 and 629,) were repealed in 1945, effective January 1, 1946. (See Laws of 1945, page 1212.) Not only were these two sections repealed but section 146 (par. 627,) was considerably

modified after the decision of this court in *People ex rel. Little* v. *Collins,* 386 Ill. 83.

The contention is also made by the appellee that no notice was given to the taxpayer of the proposed equalization by the Department of Revenue. It has been repeatedly held that due process of law does not require the Department of Revenue, in equalizing the assessment in the several counties, to give taxpayers notice of their act in fixing the equalization ratio or factor. *People ex rel. Isbell* v. *Albert,* 403 Ill. 469; *People ex rel. Bracher* v. *Orvis,* 301 Ill. 350.

It seems to us that the appellee, as well as the trial court, entirely overlooked the province and duty of the Department of Revenue in applying the equalization formula to the several counties in the State. A large part of the property is taxed on a valuation basis by the local assessors. A considerable part of the corporate property of the State is taxed by the Department of Revenue on a State-wide basis in order to preserve uniformity of the burden of taxation. The mandate of the constitution requires that the ratio of assessed valuations to actual value of the property in the several counties be equalized so each will bear its fair burden. It is for this purpose, among others, that the Department of Revenue is required to scan the assessments of each county, and from information, rules, examinations, sales and analyses determine how near each county comes to assessing the property at its estimated fair cash value. After it has performed those duties in accordance with the requirement of the constitution and the law, unless its acts are shown to be actually fraudulent or their result shows such an excessive overvaluation of property as to amount to fraud, their actions cannot be successfully assailed. (*People* v. *City of St. Louis,* 408 Ill. 491.) Appellee relies upon some cases from other jurisdictions which, of course, have little weight where the subject is so thoroughly covered by decisions from this State. He calls our attention

to *State Board of Equalization* v. *People ex rel. Goggin,* 191 Ill. 528, and *Chicago, Burlington & Quincy Railroad Co.* v. *Cole,* 75 Ill. 591, which do not relate to the present subject in any way. Those two cases were questions of original assessment of property required to be made by the then State Board of Equalization, and the evidence as to actual value was entirely disregarded and a valuation fixed which had no support in the evidence. Equalization was not involved.

We have examined the record in this case with care and are of the opinion that the Department of Revenue complied with the requirements of the statute, and in the discharge of its duty did not violate any rights of appellee as raised by his objections.

The judgment of the county court of Du Page County is reversed, and the cause remanded, with directions to overrule the objections.

*Reversed and remanded, with directions.*