(No. 39217.—

THE PEOPLE *ex rel.* JOHN L. CAIN, County Collector, Appellee, *vs.* ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed September 28, 1965.*

GRAHAM & GRAHAM, of Springfield, (E. J. WRIGHT, of Chicago, of counsel,) for appellant.

RAYMOND L. TERRELL, State's Attorney, and THOMAS W. HOOPES, both of Springfield, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The county collector of Sangamon County filed suit in the circuit court of that county for judgment on real property taxes for the year 1961 paid under protest by the Illinois Central Railroad Co. The railroad filed objections alleging that the railroad's property in Sangamon County was assessed by the Department of Revenue at 100% of full fair cash value as required by statute but that locally assessed property in Sangamon County was assessed and equalized at a level not exceeding 50% of full fair cash value, thereby creating a fraudulent discrimination against the railroad. On motion of the collector the objections were stricken on the ground that the circuit court lacked jurisdiction to consider such objections since the railroad's exclusive remedy was under the Administrative Review Act. From that adverse ruling the railroad has appealed directly to this court.

The precise issue involved in this case has been before this court on several previous occasions, and each time we have held that the tax objection procedure here employed by the railroad is a proper remedy in a case such as this involving alleged fraudulent discrimination in valuation between railroad property assessed by the Department of Revenue and locally assessed and equalized property. (*People ex rel. Hillison* v. *Chicago, Burlington and Quincy Railroad Co.* 22 Ill.2d 88; *People ex rel. Kohorst* v. *Gulf, Mobile and Ohio Railroad Co.* 22 Ill.2d 104; see also *Chicago, Burlington & Quincy Railroad Co.* v. *Department of Revenue,* 17 Ill.2d 376; *People ex rel. Callahan* v. *Gulf, Mobile and Ohio Railroad Co.* 8 Ill.2d 66.) The collector here contends, however, that those cases have been overruled by our subsequent decisions in *People ex rel. Chicago and North Western Railway Co.* v. *Hulman,* 31 Ill.2d 166 and *People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477. We do not agree.

In the *Chicago and North Western* case the taxpayer

attempted to challenge an original assessment of the Department of Revenue by writ of *mandamus* to compel the Department to re-assess the railroad's property. We there held that the extraordinary remedy of *mandamus* was not available to the taxpayer on the facts of that case and that his proper remedy was under the provisions of the Administrative Review Act. The *Lans* case involved an attack on the dollar amount of an original assessment of real estate made by a local assessor. The taxpayer there filed objections to the county collector's application for judgment in the county court, and we held that the tax objection procedure was not available to the taxpayer since he must first pursue the prescribed statutory remedy before the local board of review.

It is apparent that both the *Chicago and North Western* and *Lans* cases were concerned with the availability of the tax objection procedure when the objection involved an attack on the amount of an original assessment. In the case now before us, the railroad has raised no issue as to the amount of the original assessment of its property by the Department of Revenue. That assessment was made at 100% of full cash value without equalization as required by section 80 of the Revenue Act as it existed at the time of the assessment. (Ill. Rev. Stat. 1961, chap. 120, par. 561.) The railroad's contention in this case is that discriminatory multipliers were applied to locally assessed property with the result that the equalized value of the locally assessed property was considerably less than its full fair cash value. This is said to constitute a fraudulent discrimination against the railroad, since the railroad is allegedly required to pay more than its fair share of taxes in Sangamon County.

The instant case is clearly governed by our previous decisions cited above and not by the *Chicago and North Western* and *Lans* cases which are distinguishable. As we noted in *People ex rel. Kohorst* v. *Gulf, Mobile and Ohio Railroad Co.,* 22 Ill.2d 104 at 108, "administrative review procedure is more appropriately applicable to original assessments,

such as railroads and capital stock, than the equalization of assessments of local officials by the application of multipliers." Neither the *Chicago and North Western* case nor the *Lans* case reflects a contrary view, and neither case suggests that a railroad may not properly raise the question of fraudulent discrimination in assessment by filing objections in opposition to the county collector's application for judgment on taxes as was done in this case.

The judgment of the circuit court of Sangamon County striking the objections is reversed and the cause is remanded to the circuit court for a hearing on the merits.

*Reversed and remanded.*