*In re* APPLICATION OF COUNTY COLLECTOR—(COUNTY COLLECTOR OF ROCK ISLAND COUNTY, Plaintiff-Appellee, *v.* REDCO, INC., Defendant-Appellant.)

(No. 72-289;

Third District—May 11, 1973.

James J. Gende, of Moline, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The County Collector of Rock Island County made an application for judgment for delinquent taxes on real property for the year 1966 in the Circuit Court of Rock Island County. Redco, Inc., Defendant-Objector-

Appellant, having paid the taxes levied on the property under protest, filed objections which alleged that the assessed valuation of its property was excessive, discriminatory and fraudulent. On motion of the collector, the objections were stricken and judgment entered for the collector for the full amount of taxes as levied.

For tax purposes, on January 1, 1965, the assessment on 47.57 acres of property owned by the objector was $12,689 which is approximately $267 per acre. Shortly thereafter, approximately one quarter of this property or 12.57 acres was platted as Rock View Estate Third Addition, the plat being filed in December of 1965. Also during 1965, the land in this subdivision was roughly graded. The assessment on January 1, 1966 for the platted land was $68,230 which is approximately $5,428 per acre, while the assessment for the adjacent non-platted acreage remained nearly the same as it was the prior year.

On this appeal brought by the objector, Redco, Inc., the issue presented is whether the appellant is entitled to seek direct judicial relief without first having pursued administrative remedies before the board of review.

■■ It is well established that the courts, in the absence of fraud, have no power to review or determine the value of property fixed for purposes of taxation by the administrative officer and mere overvaluation is not sufficient to establish fraud. (*People ex rel. Nordlund v. Lans,* 31 Ill. 2d 477, 202 N.E. 543, and *People ex rel. Callahan v. Gulf, Mobile and Ohio R.R. Co.,* 8 Ill. 2d 66, 132 N.E. 2d 544. See, *People ex rel. Tedrick v. Allied Oil Corporation of Illinois,* 388 Ill. 219, 57 N.E. 2d 859.) The objector does not set forth facts alleging actual fraud, rather it states facts claiming that the assessment was excessive. In the *Lans* case, the court stated that under section 108 of the Revenue Act (Ill. Rev. Stat., ch. 120, sec. 589) objectors have an adequate remedy to have an assessment, if excessive, corrected before the board of review whether it was made fraudulently or otherwise.

■■ It was stated in *Sanitary District of Chicago v. Young,* 285 Ill. 351, 120 N.E. 818, that the whole matter of valuation of property for taxation should be under the control of the assessor, the board of review and the boards of supervisors of the counties and a taxpayer aggrieved by excessive valuation, fraudulent or otherwise, should seek relief through the board of review.

It is urged by the objector that the case of *People ex rel. Cain v. Illinois Central R.R. Co.,* 33 Ill. 2d 232, 210 N.E. 2d 516, is controlling. We do not agree. In that case the taxpayer was a railroad whose property was assessed by the Department of Revenue at 100 percent of full fair cash value. It complained that locally assessed property was assessed and

equalized at a level not exceeding 50 percent of the full fair cash value and this constituted fraudulent discrimination. The court said that the railroad was not attacking the amount of an original assessment, rather it was attacking the allegedly discriminatory multipliers which were applied to the locally assessed property, and for this reason the exclusive remedy was not under the Administrative Review Act and the taxpayer could, therefore, file objections in the circuit court.

■■ The objector claims that in the present case an illegal multiplier was applied to the platted property and that there was improper equalization. We fail to find any facts to support this allegation. The facts merely show that the property in question was allegedly overvalued for taxation purposes which resulted in an assessment claimed to be excessive. There is no reason to depart from the well established rule that the objector must exhaust his administrative remedies prior to seeking judicial relief.

Accordingly, the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J., concur.