MARGARET STEPHENS *et al.*, Plaintiffs-Appellees, *v.* THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellants.—RUTH PEACOCK, Plaintiff-Appellee, *v.* THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellants.—COURTNEY STEPHENS *et al.*, Plaintiffs-Appellees, *v.* THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellants.

Fourth District Nos. 12764-66 cons.

Opinion filed October 14, 1976.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

George J. Lewis, of Lewis, Blickhan, Garrison, Tucker & Longlett, of Quincy (John R. Longlett, of counsel), for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

We have consolidated three pending appeals for decision. In each case, the taxpayer sought relief from a tax assessment upon the alleged ground that the taxpayer's property was assessed more than similar property in the various taxing districts. The taxpayers administratively sought relief by complaints before the Adams County Board of Review, and, being there essentially unsuccessful, perfected appeals to the State Property Tax Appeal Board; being there unsuccessful, they instituted this proceeding for administrative review in the circuit court of Adams County. The circuit court granted all the relief sought by the taxpayers and the State Property Tax Appeal Board and the Board of Review appeal. We affirm.

It is not necessary to our consideration or decision of this case that we detail the evidence. In summary, however, we can observe that the evidence is that the taxpayers' property was assessed in amounts higher than like property in similar circumstance and put to a like use. In one instance, a plaintiff's property bore an assessment approximating 53 percent of the fair cash value of the property whereas like property bore an assessment of some 16 percent of the fair cash value of the property. A feeding unit of plaintiff Stephens was assessed at 33 percent of its market value compared to like assessments of other taxpayers at a uniform rate of 14 percent of the fair market value. Thus, the issue in this case is not that the property of the plaintiffs is assessed at more than its fair market value, but rather that the assessment of the plaintiffs' property is higher than other property in the same taxing districts.

■■ The 1970 Constitution requires that taxes upon real property shall be levied uniformly by valuation ascertained as the General Assembly shall provide by law. (Ill. Const. 1970, art. IX, §4(a).) This constitutional provision is a clear mandate requiring uniformity of taxation. While the constitutional mandate in our 1970 Constitution may be said to be more

explicit than prior provisions, we note that the court in *Bistor v. McDonough* (1932), 348 Ill. 624, 181 N.E. 417, stated:

> "Under our successive constitutions uniformity of taxation has been and is a mandate to the taxing authorities and lies at the foundation of all taxing power. (*People v. Orvis*, 301 Ill. 350). This rule of uniformity requires that one person shall not be compelled to pay a greater proportion of the taxes, according to the value of his property than another. (*Bureau County v. Chicago, Burlington and Quincy Railroad Co.*, 44 Ill. 229; *Chicago and Northwestern Railway Co. v. Boone County*, 44 id. 240). Uniformity in taxing implies equality in the burden of taxation; and this equality can not exist without uniformity in the basis of assessment, as well as in the rate of taxation. *Greene v. Louisville and Interurban Railroad Co.*, 244 U.S. 499, 501." 348 Ill. 624, 629.

In *People ex rel. Toman v. Chicago Union Station Co.* (1943), 383 Ill. 153, 48 N.E.2d 524, our supreme court observed that the then constitutional mandate required that one person shall not be compelled to pay a greater portion of the taxes according to the value of his property than another and that the constitution does not permit the valuation by taxing officials of one piece of property at a certain proportion of its true value and other property in the same taxing district at a substantially less or greater proportion of its true value.

■■ The State Property Tax Appeal Board in its brief contends that its scope of review and the jurisdiction of the Board of Review is limited to a determination of the fair cash value of the taxpayer's property and that the plaintiffs have failed to overcome the presumption of the validity of the local assessment. The brief relies in part upon the opinion of the appellate court in *Korzen v. Fulton Market Cold Storage Co.* (1974), 22 Ill. App. 3d 1088, 318 N.E.2d 241. Subsequent to the filing of that brief, the Illinois Supreme Court filed its opinion in 62 Ill. 2d 443, 343 N.E.2d 450. While that case involved the Board of Appeals of Cook County, and the opinion relates to its duty and authority, our examination of the statutory provisions with reference to the Board of Review and the Cook County Board of Appeals indicates little substantive difference between the powers of the two bodies. In *Korzen*, the supreme court held that the Board of Appeals in determining whether the objectors' property was overassessed was not restricted to consideration of the sole question whether the assessed valuation exceeded the fair cash value. It could also have considered whether the real estate was correctly classified and whether the assessment was at the same percentage of fair cash value as was applied to other property within the appropriate classification. We view that holding to be dispositive of the State Property Tax Appeal Board's contention relating to its limited jurisdiction.

The evidence in this case as to valuation and as to disparity of assessment valuations is clear and convincing. It is true that the appraiser's testimony is not as specific and detailed as might be desirable. It is also true, and the record indicates, that the method of valuation used by the appraisal witness was the same as the valuation methods used by the assessing officials.

The evidence in this case establishes disparity in assessed valuation of property for tax purposes within the same taxing district resulting in lack of uniformity in tax burden as specifically proscribed by the constitution. The administrative order of the Board of Review denying relief was as found by the circuit court contrary to the manifest weight of the evidence.

■■ The State argues that the taxpayers here have chosen the wrong remedy. Based upon the opinion of *Clarendon Associates v. Korzen* (1974), 56 Ill. 2d 101, 306 N.E.2d 299, it is argued that the taxpayers should pay the taxes under protest and then file objections to the collector's application for judgment under the statutory provisions found in sections 194 and 235 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, pars. 675, 716). However, it has also been held that a taxpayer cannot file such objections unless they first pursue administrative remedies. (*People ex rel. Nordlund v. Lans* (1964), 31 Ill. 2d 477, 202 N.E.2d 543.) This would seem to force the taxpayer into a procedural morass that leads to a total lack of remedy. In this case the taxpayer pursued the administrative machinery available to him to challenge and to correct the disparate assessment. The judicial proceedings subsequently initiated are but a continuation of the administrative remedy. This administrative review proceeding cannot be equated with an independent judicial proceeding as was the case in *Nordlund*. Rather, this case involves the use of the statutory administrative procedures and the doctrine of exhaustion of administrative remedies argued by the Property Tax Appeal Board is inapplicable. See *Will County Board of Review v. Property Tax Appeal Board* (1971), 48 Ill. 2d 513, 272 N.E.2d 32.

■■ We deal here with a record that indicates disparity in intracounty assessments by local assessing officials in a township or intertownship. In *Hamer v. Lehnhausen* (1975), 60 Ill. 2d 400, 328 N.E.2d 11, the supreme court noted that notwithstanding the statutory program designed to produce uniformity in assessed valuations of real estate, no real effort has been made by State or local officials to assess all property at the statutorily required percentage of its fair cash value. In *Hamer*, the court deferred a judicial resolution of the problem. The *Fulton Market* opinion indicates that the Property Tax Appeal Board was not restricted to the question of whether the taxpayer's property was assessed at a valuation that exceeded the fair cash value but rather could then also consider disparity of

assessment and thereby afford the taxpayer a meaningful remedy. The circuit court order was in accordance with that opinion and is affirmed. Judgment of the circuit court of Adams County is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.