HARTZELL GIVENS *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Fifth District   No. 79-221

Opinion filed May 16, 1980.

David Slater, of LaCharite & Slater, of Pana, for appellants.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiffs, Hartzell and Louise Givens, appeal from the decision of the Circuit Court of Christian County affirming the decision of the State of Illinois Property Tax Appeal Board.

Plaintiffs purchased a home in Taylorville, Illinois, in January of 1974. As of January 1974, the property was carried on the Taylorville township assessor's roll at an assessed value of $9375; however, in July of 1975, plaintiffs were notified that the assessed value of their property would be increased to $15,150. Plaintiffs filed a complaint with the Christian County board of review objecting to the increase in assessed valuation. The board of review denied the complaint, and plaintiffs appealed to the State of Illinois Property Tax Appeal Board, contending that comparable properties which had not been sold were not reassessed and not subject to a higher percentage rate for determining assessed valuation. The Appeal Board found the assessment made by the Christian County board of review to be incorrect and set the assessed valuation of the property at $9,950. Subsequently, in 1976, the Christian County board of review raised the assessed value of plaintiffs' property to $15,150. Plaintiffs again appealed to the State of Illinois Property Tax Appeal Board, which reset the assessed valuation at $9,770. Again in 1977, the board of review raised the assessed valuation of plaintiffs' property to $15,150, and plaintiffs appealed to the Property Tax Appeal Board. At the hearing, plaintiffs attempted to prove that properties comparable to theirs which were not

sold between 1974 and 1976 were not reassessed at a higher full market value, while properties comparable to that of plaintiffs which were sold were reassessed at a higher full market value based on the sale price. Plaintiffs also attempted to demonstrate that properties sold had their assessed valuations determined based on a higher percentage rate than those properties not sold. After hearing the evidence, the Appeal Board found the full market value of plaintiffs' property to be $45,000 as of January 1977. The Appeal Board further found that the percentages used to determine assessed valuation ranged from 27% to 37% and were not being applied uniformly. Based on this finding, the Appeal Board applied the urban median level of assessment for Christian County to the full market value of plaintiffs' property resulting in an assessed valuation of $12,065.

Plaintiffs filed a complaint pursuant to the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) for review of the Appeal Board's decision. The trial court affirmed the decision of the Appeal Board, and plaintiffs appeal.

On appeal, plaintiffs contend that the Christian County board of review's practice of reassessing the value of residential property for tax purposes upon the sale of the property while not reassessing the value of residential property not sold constitutes "sale chasing" and violates the equal protection clause of the United States Constitution and article 9, section 4(a) of the Illinois Constitution of 1970 which provides:

> "Except as otherwise provided in this Section, taxes upon real property shall be levied uniformly by valuation ascertained as the General Assembly shall provide by law."

We would agree with Plaintiff that a practice of reassessing the market value of real estate sold could result in substantially differing and unequal tax burdens between properties subject to sale and those not subject to sale, in violation of the requirement of article 9, section 4(a) that taxes be uniformly levied. (*Cf. Poffenberger v. Board of Revision* (1977), 54 Ohio App. 2d 89, 375 N.E.2d 65.) However, plaintiffs have failed to prove by clear and convincing evidence the practice of unequal taxation that they attribute to Christian County. *People ex rel. Costello v. Lerner* (1977), 53 Ill. App. 3d 245, 368 N.E.2d 976; *cf. Stephens v. Property Tax Appeal Board* (1976), 42 Ill. App. 3d 550, 356 N.E.2d 355.

The basis of plaintiffs' argument is that if their property has increased in value, as evidenced by its sale price, then of necessity all other property in the area has increased in value also, requiring an increase in the assessed valuation of such property to obtain uniform taxation. They rely on *Poffenberger v. Board of Revision* as authority for the proposition that the practice of increasing the valuation of only real estate sold is

constitutionally impermissible. The Ohio court there held "[r]eassessing only parcels sold while not reassessing comparable properties, as is here demonstrated by the evidence and sought to be justified by appellees' argument, is not valuation by uniform rule. It does not pass constitutional nor statutory muster." *Poffenberger v. Board of Revision* (1977), 54 Ohio App. 2d 89, 94, 375 N.E.2d 65, 68.

The record shows that plaintiffs purchased the property in January 1974 for $43,500 and the assessed valuation was subsequently raised to $15,150. The record contains no evidence pertaining to the full market value of the plaintiffs' property or the percentage rate used in determining the assessed valuation prior to their purchase in 1974. Further, there was no evidence in the record of comparable properties in the area which were not sold with respect to their full market value, assessed valuation percentage rates, and any changes in those figures.

The only evidence pertaining to the unequal tax treatment submitted by plaintiffs consisted of two exhibits by which they attempted to establish the disparity in taxation.

Plaintiffs' exhibit No. 4 consists of two typewritten sheets, representing changes in assessed valuations of 32 properties in plaintiffs' neighborhood between 1974 and 1976. This exhibit does not contain information such as the date of sale, full market value prior to and subsequent to a sale, percentage rates used to determine assessed valuation prior to and subsequent to a sale, or comparability of the properties to plaintiffs' property. Thus, the exhibit failed to provide the necessary evidence to support plaintiffs' claim of unequal tax treatment. Further, the plaintiffs have failed to substantiate the source of the figures used in the exhibit. The plaintiffs have not introduced evidence of the Taylorville township assessor's roll of 1971-1974 and the 1976 collector's roll, which they allege to be the source of these figures.

Plaintiffs' exhibit No. 2 represents a study of sales prices, assessed values and percentage rates of nine properties for 1976. Five of the properties in the study were the same properties used in exhibit No. 4. Plaintiffs' exhibit No. 2 suffers from the same deficiencies as discussed with respect to exhibit No. 4. There is also no indication in exhibit No. 2 as to the origin of the figures used in compiling the study. As previously noted with respect to exhibit No. 4, the information in the exhibit does not provide sufficient evidence to evaluate plaintiffs' claims.

The evidence submitted by plaintiffs was inadequate, and it was also internally inconsistent. In comparing two properties which were used in both exhibits Nos. 2 and 4, the assessed valuations for 1976 differed in each exhibit. Lot 52 was listed in exhibit No. 2 as having an assessed valuation in 1976 of $10,500, while in exhibit No. 4, the same property in

the same year was listed as having an assessed valuation of $9,500. Lot 55 was listed in exhibit No. 2 as having an assessed valuation in 1976 of $10,130 and in exhibit No. 4, the assessed valuation was listed as $10,800. ■■■ It is the duty of a plaintiff to come forward with sufficient facts to prove his claim. (*People ex rel. Costello v. Lerner.*) Plaintiffs here have failed to produce sufficient evidence to substantiate their claim that Christian County is pursuing a practice which results in unequal and nonuniform tax treatment of the owners of residential property. In the absence of evidence of an increase in value of the properties located in the area of plaintiffs' which were not sold, it is our opinion that the judgment of the trial court should be affirmed. Further, section 46 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 527), grants to the supervisor of assessments or the board of assessors or the township assessor of any township the authority in any year to revise an assessment and correct such assessment "as shall appear to him or them to be just." Therefore, it cannot be said that the re-evaluation of plaintiffs' property in years other than the quadrennial assessment years was not proper.

The judgment of the Christian County Circuit Court that plaintiffs did not prove a practice of unequal taxation by clear and convincing evidence is not against the manifest weight of the evidence, the standard which must be met to overturn a decision of an administrative agency.

For the foregoing reasons, the judgment of the Christian County Circuit Court affirming the decision of the State of Illinois Property Tax Appeal Board is affirmed.

Affirmed.

JONES, P. J., and HARRISON, J., concur.