GEORGE MURRAY *et al.*, Plaintiffs-Appellants, v. BOARD OF REVIEW OF PEORIA COUNTY *et al.*, Defendants-Appellees.

Third District   No. 3—92—0107

Opinion filed November 24, 1992.

Cassidy & Mueller, of Peoria (Timothy J. Newlin, of counsel), for appellants.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Eve Moran, Assistant Attorney General, of Chicago, of counsel), for appellee Property Tax Appeal Board.

Donald J. Toohill, Assistant State's Attorney, of Peoria (John Schmidt, of counsel), for appellee Peoria County.

Edward T. Habecker, of Hinshaw & Culbertson, of Peoria, and Stephen R. Swofford, of Hinshaw & Culbertson, of Chicago, for other appellees.

JUSTICE SLATER delivered the opinion of the court:

Plaintiffs George and Mary Murray appeal from the circuit court's dismissal of their complaint for administrative review. We affirm.

This case arises from a property tax assessment conducted in 1989 which increased the assessed valuation of plaintiffs' property. After the board of review of Peoria County upheld the increased assessment, plaintiffs appealed to the Property Tax Appeal Board (Appeal Board) pursuant to section 111.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1989, ch. 120, par. 592.1). On May 17, 1991, the Appeal Board issued its decision upholding the assessment. On June 19, 1991, plaintiffs filed a two-count complaint for administrative review in the circuit court. (See Ill. Rev. Stat. 1989, ch. 120, par. 592.4.) Count I of plaintiffs' complaint sought reversal of the Appeal Board's decision. Count II alleged that plaintiffs were deprived of their rights to due process and equal protection in violation of 42 U.S.C. sections 1983 and 1985 (1982). The Appeal Board was not named as a defendant in plaintiffs' complaint.

On October 29, 1991, plaintiffs filed a motion for leave to amend their complaint to add the Appeal Board as an additional party defendant. Plaintiffs' motion was granted on November 5, and an amended complaint was filed on November 19, 1991. The Appeal Board was served with summons on December 2, 1991. On December 4 the court dismissed count I of the amended complaint after a hearing on motions filed on November 21 and 22 by the defendants named in the original complaint. The court denied, however, the defendants'

motion to dismiss count II. Following subsequent motions by the parties, including a motion to dismiss the complaint by the Appeal Board, plaintiffs' motion to reconsider the dismissal of count I, and a motion to reconsider the denial of defendants' motion to dismiss count II, the trial court dismissed count II of plaintiffs' complaint on February 10, 1992, and this appeal followed.

Plaintiffs maintain that the circuit court erred in dismissing count I of their complaint for failing to initially name the Appeal Board as a defendant. Plaintiffs acknowledge that the Administrative Review Law requires that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby" (Ill. Rev. Stat. 1989, ch. 110, par. 3—103). In addition, section 3—107 provides that "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants" (Ill. Rev. Stat. 1989, ch. 110, par. 3—107). Clearly, section 3—107 required the Appeal Board to be named as a defendant, and plaintiffs do not contend otherwise. Plaintiffs argue, however, that they demonstrated a good-faith effort to comply with the Administrative Review Law by filing their amended complaint within 35 days of November 5, 1991, the date on which the circuit court granted their motion for leave to file an amended complaint. We disagree.

In *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, our supreme court affirmed the dismissal of a complaint for administrative review for failure to name a necessary party. After finding that the superintendent of the Chicago police department was a necessary party, the court considered whether Lockett should have been allowed to amend his complaint to join the superintendent as a defendant. The court stated:

> "The requirement that a complaint be filed within the 35-day limit is jurisdictional; if a complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review of the administrative decision is barred. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 211.) The 35-day period for the issuance of summons, on the other hand, is mandatory, not jurisdictional, and failure to comply with that requirement will not deprive the court of jurisdiction. (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 382; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403-04.) However, as the

35-day period is intended to 'hasten the procedure' of administrative review and avoid undue delay, a litigant must show a good-faith effort to file the complaint and secure issuance of summons within the 35 days in order to avoid dismissal. (*City National Bank & Trust Co.*, 97 Ill. 2d at 382; *Cox*, 96 Ill. 2d at 404.) In cases where the 35-day requirement has been relaxed, the plaintiffs had made a good-faith effort to issue summons *within the statutory period*. Nevertheless, due to some circumstance beyond their control, summons was not issued within the statutory period. See *City National Bank & Trust Co.*, 97 Ill. 2d at 382; *Cox*, 96 Ill. 2d at 404 (cases in which the plaintiffs had filed their complaints for administrative review and summons with the clerk of the circuit court *within the 35-day period* but, due to problems at the clerk's office which were beyond the plaintiff's control, the summonses were not issued until after the 35-day period).

\*\*\*

We are aware that the appellate court has held a failure to name and issue summons against necessary parties within the 35-day time limit can be cured by subsequent amendment. (See, *e.g., Bradshaw v. Barnes* (1986), 145 Ill. App. 3d 866; *Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582.) To the extent those cases conflict with our holding today, they are overruled." (Emphasis added.) *Lockett*, 133 Ill. 2d at 354-56, 549 N.E.2d at 1268-69.

■■ It is clear from the record in this case that plaintiffs' amended complaint naming the Appeal Board as a defendant was filed long after the statutory 35-day period. Plaintiffs' attempt to come within the "good-faith effort" exception described above on the basis of filing an amended complaint within 35 days of the grant of leave to amend must fail. *Lockett* explicitly overruled those cases holding that a subsequent amendment can cure a failure to name and issue summons against a necessary party within the 35-day time limit. Plaintiffs have failed to comply with the requirements of the Administrative Review Law. (See *Gilty v. Village of Oak Park Board of Fire & Police Commissioners* (1991), 218 Ill. App. 3d 1078, 578 N.E.2d 1294.) We affirm the circuit court's dismissal of count I of plaintiffs' complaint.

Plaintiffs also contend that the court erred in dismissing count II of their complaint. As indicated earlier, in count II plaintiffs sought relief under 42 U.S.C. sections 1983 and 1985 (1982) for violations of their constitutional rights to due process and equal protection of the

law. Although plaintiffs maintain that the court dismissed count II due to failure to exhaust administrative remedies, the court's order does not explain the reason for the dismissal, nor does the record contain a transcript of the dismissal hearing. Nevertheless, it is well settled that a court of review may sustain a trial court's judgment on any grounds warranted by the record, regardless of whether the reason given by the trial court was correct. *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 520 N.E.2d 37; *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 457 N.E.2d 9.

■■ "The purpose of administrative review is to make certain the agency has acted within its judicial bounds defined by law, to guard those statutory and constitutional rights guaranteed to one subject to administrative action, and to ascertain whether the record supports the order issued." (*Edwards v. City of Quincy* (1984), 124 Ill. App. 3d 1004, 1012, 464 N.E.2d 1125, 1131.) Our supreme court has recognized that constitutional issues may be raised in a complaint for administrative review and that "[t]o hold otherwise would result in piecemeal litigation by first requiring review of an administrative body's decision and then entertaining another action to test constitutionality brought on by such decision." (*Howard v. Lawton* (1961), 22 Ill. 2d 331, 333, 175 N.E.2d 556; see also *First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 444 N.E.2d 126 (payment of taxes under protest followed by objection to application for judgment provides adequate procedure to litigate violations of constitutional rights); *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252 (same).) We believe, therefore, that it was entirely proper for plaintiffs to allege violations of their constitutional and statutory rights as part of their complaint for administrative review. Nevertheless, count II of plaintiffs' complaint suffers from the same infirmity as count I—failure to name and issue summons against the Appeal Board within the statutory 35-day period. Framing count II as a constitutional claim and invoking the protections of sections 1983 and 1985 does not change the nature of the complaint. It remains a complaint for administrative review and is, therefore, as we held above, subject to dismissal under *Lockett*.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

BARRY, P.J., and HAASE, J., concur.