In the Matter of PETITION TO DETACH PROPERTY.

COMMITTEE OF TEN, as the Attorney in Fact for all the Petitioners, Plaintiffs–Petitioners,

v.

BOARD OF EDUCATION OF RICH TOWNSHIP HIGH SCHOOL DISTRICT 227, COOK COUNTY, ILLINOIS; and Willis A. Brunson, in his official and individual capacity; Defendants–Objectors,

and

Bloom Township Trustees of Schools; Bremen Township Trustees of Schools; Rich Township Trustees of Schools; Thornton Township Trustees of Schools; Defendants.

No. 94 C 446.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 15, 1995.

**112**

Stuart Smith, Michael E.C. Moss, Gordon & Glickson, P.C., Chicago, IL, for plaintiffs-petitioners.

Anthony G. Scariano, Jon G. Crawford, Scariano, Kula, Ellch & Himes, Chtd., Chicago, IL, Raymond A. Hauser, Scariano, Kula, Ellch & Himes, Chtd., Chicago Heights, IL, John B. Murphey, Rosenthal, Murphey, Coblentz & Janega, Chicago, IL, for defendants-objectors and defendants.

### *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Before the Court are defendant-objectors' motion to alter or amend this Court's January 24, 1995, 874 F.Supp. 200, memorandum opinion and order pursuant to FED.R.CIV.P. 59(e), motion for leave to supplement the motion to alter or amend, and motion to stay the Court's remand order pending further proceedings in this matter. As set forth below, the motions are granted in part and denied in part.

■ In their motion to alter or amend the judgment, defendant-objectors have introduced, for the first time in these proceedings, the Rules of Procedure for the conduct of detachment hearings before the Thornton Township Trustees of Schools. Defendant-objectors do not actually say that these rules would be applicable to the administrative hearing on this matter, and indeed, since the Thornton Township trustees are not the only participants in deciding the issue, *see* 105 ILCS § 5/6–2, it is not altogether clear that these rules would govern the proceedings. I will assume, however, for purposes of this motion that the rules are applicable. That does not alter my previous conclusion that this is not a state "court." Applying the functional test required by *Floeter v. C.W. Transport, Inc.,* 597 F.2d 1100 (7th Cir.1979), I do not agree that the fact that in form certain procedures are similar to that of a judicial proceeding is sufficient to make the hearing in question essentially one of judicial character. For example, there is no requirement that the decision makers—the various trustees—have legal training, evidence is not confined to that allowed by state rules of evidence, and the rules of procedure themselves can be changed at any time by the trustees simply for purposes of the particular hearing.

Even if I were persuaded that the board of trustees was the functional equivalent of a judicial proceeding, I would nonetheless be required to remand this case. Removal can be sustained under Section 1443(1) only if the defendant-objectors demonstrate that (1) the right allegedly denied them arises under a federal law providing for specific rights stated in terms of racial equality, and (2) they are denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law. *Johnson v. Mississippi,* 421 U.S. 213, 219–20, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975) (citations omitted). In the present case, the defen-

dant-objectors have failed to satisfy the *Johnson* test.

▇ In their removal petition, the defendant-objectors alleged that federal removal jurisdiction was proper because the proposed annexation "would occasion a violation of the Fourteenth Amendment" by creating an impermissible "incremental segregative effect" on the school districts involved. Defendants' answer, filed on January 31, 1994, also asserted a violation of the Fourteenth Amendment through the alleged creation of a "State compelled dual system" of education.[1]

Even if defendant-objectors are correct in their claim of a violation of the Equal Protection Clause, they have failed to demonstrate that they cannot enforce this right in state court. The defendant-objectors insist that their rights are denied by a formal expression of state law, specifically Section 7–2b of the Illinois School Code, which provides in part:

> Any contiguous portion of a high school district that constitutes 10% or less of the equalized assessed value of the district shall upon petition of two-thirds of the registered voters of the territory proposed to be detached and annexed be so detached and annexed by the regional board of school trustees if granting such petition shall make the affected segment of the boundaries of the high school district the territory is proposed to be annexed to identical, for the entirety of such affected segment, to the boundaries of the elementary school district in which the territory is located. . . .

> The regional board of school trustees shall have no authority or discretion to hear any evidence or consider any issues except those that may be necessary to determine whether the limitations and conditions of this Section have been met.

105 ILCS § 5/7–2b. The defendant-objectors argue that the express limitation of discretion mandated by this section denies them the opportunity to enforce their rights in state court.

However, as this Court stated in its January 25, 1995 memorandum opinion and order, Section 7–7 of the Illinois School Code specifically provides for judicial review of the Township Trustees' decision:

> The decision of the regional board of school trustees . . . shall be deemed an "administrative decision" as defined in Section 3–101 of the Code of Civil Procedure; and . . . any petitioner or board of education of any district affected may . . . file a complaint for a judicial review of such decision in accordance with the Administrative Review Law and the rules adopted pursuant thereto. . . . [W]hen the regional boards of school trustees act following a joint hearing, the circuit court of the county in which the joint hearing on the original petition is conducted shall have sole jurisdiction of the complaint for such review.

105 ILCS § 5/7–7. Moreover, Illinois law clearly permits those seeking review of administrative agency decisions to also raise federal and state constitutional issues before the circuit court. *See Rogers v. Desiderio,* No. 94 C 1736, 1994 WL 710785, *5 (N.D.Ill. Dec. 20, 1994) (citing *Head–On Collision Line, Inc. v. Kirk,* 36 Ill.App.3d 263, 343 N.E.2d 534, 538 (1976); *Howard v. Lawton,* 22 Ill.2d 331, 175 N.E.2d 556, 557 (1961)); *see also Murray v. Board of Review of Peoria County,* 237 Ill.App.3d 792, 178 Ill.Dec. 517, 520, 604 N.E.2d 1040, 1043 (3rd Dist.1992) (citations omitted). This Court must presume that Illinois state courts would properly determine the merits of any federal issue properly presented to them. *Ahrensfeld v. Stephens,* 528 F.2d 193, 198 (7th Cir.1975) (citations omitted). Accordingly, the Court

---

1. In their memorandum in support of removal jurisdiction, defendant-objectors argued that the proposed annexation would also violate their rights under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and Title II of the same act, 42 U.S.C. § 2000a. However, they first raised these additional grounds in an amended answer filed on August 24, 1994, long after the thirty-day period during which an amendment is freely permitted. While a petition for removal may be amended to set forth more specifically grounds for removal already stated in the original petition, "new grounds may not be added and missing allegations may not be furnished" after the thirty-day period. 14A WRIGHT, MILLER, COOPER, FEDERAL PRACTICE AND PROCEDURE § 3733 at 537–38 (2d ed. 1985).

is satisfied that the defendant-objectors can challenge the decision of the Township Trustees, and the constitutionality of 105 ILCS § 5/7–2b, in state court.

For the reasons stated herein and in this Court's prior opinion, the motion to alter or amend this Court's January 24, 1995 memorandum opinion and order is denied. The motion for leave to supplement the motion to alter or amend is granted. The motion to stay the Court's remand order pending further proceedings in this matter is denied.