3/7/97                        No. 3--95--0813

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

RICHARD T. WALSH and               )    Appeal from the Circuit  

BARBARA J.WELSCH                   )    Court of the 10th        

          Plaintiffs-Appellants,   )    Judicial Circuit,

                                   )    Tazewell County, Illinois

                                   )

     v.                            )    No. 95-MR-1

                                   )

STATE OF ILLINOIS PROPERTY         )         

TAX APPEAL BOARD and TAZEWELL      )    Honorable

COUNTY BOARD OF REVIEW,            )    Donald Courson

          Defendants-Appellees.    )    Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

                                                                 

     Plaintiffs, Richard T. Walsh and Barbara J. Welsch, appeal

from an order of the circuit court of Tazewell County affirming the

decision of the Property Tax Appeal Board (PTAB), which found that

the Tazewell County Board of Review (Review Board) had properly

established the 1992 equalized assessed valuation of $100,000 for

the subject parcel of real property owned by the plaintiffs and

located in Pekin Township, Tazewell County.  The Plaintiffs

maintain that the subject property should have had an equalized

assessed valuation of $40,850.  

     The issue presented for our consideration in this matter is

whether the method of valuation used by the Review Board to value

plaintiffs' property violated the uniformity of taxation clause of

the Illinois Constitution (Ill. Const. 1970, art. IX, § 4) or the

Equal Protection Clause of the United States Constitution (U.S.

Const., amend. XIV).  We hold that the method of valuation used by

the Review Board violated the constitutional requirements of

uniformity of taxation and we reverse and remand on that basis.

     In order to rule on the plaintiffs' appeal, it is necessary to

briefly discuss the history of property taxation in Tazewell

County.  The townships comprising Tazewell County last conducted a

true fair market value assessment of the property within their

jurisdiction in 1957.  Since 1957, Pekin Township and Tazewell

County have determined the assessed valuation of real property

solely by means of the "mass appraisal method."   

     Under the mass appraisal method of assessment, each township

assessor begins by calculating the average percent of increase or

decrease in home sale prices within the township for the previous

three years.  This calculation yields a percentage factor that is

then applied uniformly to all real property in the township.  For

the 1992 tax year the Pekin Township assessor uniformly increased

the valuation of all real property within the township, including

the subject property, by 11.7%. 

     In January 1993, in response to complaints that certain

parcels of real property were "underassessed," the Review Board 

removed approximately 40 parcels of property from the mass

appraisal system.  Those properties were re-assessed based upon

their current fair market value, which was determined by the most

recent selling price, if available, plus yearly mass appraisal

method increases for each year between the most recent sale and

1992.  The subject property was one of those parcels.

     In the case of the subject property, the 1992 selling price

paid by the plaintiffs was used to establish the valuation.  As a

result of this change in method of valuation, the plaintiffs' real

estate property tax for 1992 increased to $9,441.40.  Had their 

property been assessed according to the mass appraisal method, the

tax would have been $3,830.46.  It is undisputed that all other

real property in the township, and the county continued have its

valuation determined only by the mass appraisal method.  

     The evidence presented in the hearing before the PTAB

established that the plaintiffs' property had an assessment to

sales ratio of 28%, i.e. the equalized value assessed valuation

established by the Review Board amounted to 28% of the parcel's

1992 sales price.  The plaintiffs presented evidence of similar

parcels that sold in 1992 that were allowed to remain in the mass

appraisal system.  These properties had assessment to sales price

ratios ranging from 7% to 39%.  The Review Board presented evidence

of 11 parcels similar to the subject property that were sold in

1992 that remained in the mass appraisal system.  These properties

had assessment to sales price ratios ranging from 28% to 63%.  

     The PTAB held that because the subject property's assessment

to sales price ratio of 28% was within the range of ratios for

comparable properties, i.e. 7% to 63%, the plaintiffs had failed to

prove that the constitutional protections of uniformity and equal

protection had been violated by removing their property from the

mass appraisal system.  The plaintiffs then filed this appeal.

     Before ruling on the merits of the plaintiffs' appeal, we must

determine the proper standard of review.  It is well-settled that

the findings of an administrative agency are prima facie true and

correct and will not be disturbed by a reviewing court unless they

are against the manifest weight of the evidence.  LaSalle Partners,

Inc. v. Illinois Property Tax Appeal Board, 269 Ill. App. 3d 621,

632 (1995).  However, it is also well-settled that the manifest

weight of the evidence standard does not apply where the issue is

whether the assessment was based upon "an improper method of

valuation rather than a mere difference of opinion as to the market

value of a particular piece of property."   Chrysler Corp. v.

Illinois Property Tax Appeal Board, 69 Ill. App. 3d 207, 210-11

(1979).  Further, where the question on review is one of law, the

decision of the PTAB will be reviewed de novo.  Kankakee County

Board of Review v. Illinois Property Tax Appeal Board, 131 Ill. 2d

1 (1989).      

     As the matter sub judice involves a question of the method of

valuation, rather than a mere difference of opinion over the market

value, as well as matters of constitutional law, we review the

PATB's decision de novo.  

     The Plaintiffs maintain on appeal that removing a select few

parcels of property from the mass appraisal method and subjecting

those parcels to a different method of appraisal violates the

constitutional rights of those property owners.  The PTAB maintains

that as long as the Review Board correctly determines the fair cash

value of the plaintiffs' property, the plaintiffs' appeal should

fail.  We disagree.  

     If the issue were simply whether the Review Board had

correctly determined the fair cash value of the subject property,

we would agree with the PTAB.  Section 20 of the Illinois Revenue

Act of 1939, applicable during the tax year in dispute, provides

that "[e]ach tract or lot of real property shall be valued at 33

1/3% of its fair cash value"  (35 ILCS 205/20 (Michie 1992)).  Fair

cash value is normally associated with fair market value, i.e. what

the property would bring at a voluntary sale where the owner is

ready, willing and able to sell, but not compelled to do so, and

the buyer is likewise ready, willing and able to buy, but not

forced to do so.  See, e.g., People ex rel. McGaughey v. Wilson,

367 Ill. 494 (1937).  Illinois courts have consistently held that

"a contemporaneous sale between parties dealing at arm's length is

not only relevant to the question of fair cash market value but

would be practically conclusive on the issue of whether an

assessment was at full value."  Residential Real Estate Co. v.

Illinois Property Tax Appeal Board, 188 Ill. App. 3d 232, 241

(1989).  

     Plaintiffs, however, do not contend that their property was

assessed at more than its fair market value.  They maintain instead

that even though their property was assessed based upon its fair

market value, the rate of taxation of their property was,

nevertheless, significantly higher than that applied to other

comparable property in the township.  Plaintiffs further maintain

that this disparity was the result of the unconstitutional use by

the Review Board of a different method of valuation from that used

for those other comparable properties.  We agree.

     In the assessment year 1992, Tazewell County and its townships

determined fair cash value for all real estate, except 40 parcels,

not by reference to current fair market value, but by the

relationship of each parcel to its proportional share of the fair

cash value of all property in 1957.  Whether this is an appropriate

method for determining fair cash value is not an issue before this

court.  At issue is whether, as a matter of law, removing one

particular parcel from this system and subjecting it to a different

method of valuation in order to increase the assessed valuation of

that property violates the constitutional requirements of

uniformity of taxation and equal protection.  We hold that it does.

     Article 9, section 4(a), of the Constitution of 1970 provides

that: 

          "Except as otherwise provided in this Section,

       taxes upon real property shall be levied uniformly

       by valuation ascertained as the General Assembly

       shall provide by law."  Ill. Const. 1970, art. IX,

       section 4. 

       

          It is a fundamental constitutional principle that uniformity

of taxation requires equalization of the burden of taxation.  Apex

Motor Fuel Co. v. Bartlett, 20 Ill. 2d 395, 401 (1960); People ex

rel Hawthorne v. Bartlow, 111 Ill. App. 3d 513, 520 (1983).  Our

supreme court has consistently held that an equal tax burden cannot

exist without uniformity in both the basis of assessment, and in

the rate of taxation:

              "The principle of uniformity of taxation

       requires equality in the burden of taxation. People

       ex rel Hawthorne v. Bartlow, 111 Ill. App. 3d 513,

       520 (1983).  This court has held that an equal tax

       burden cannot exist without uniformity in both the

       basis of assessment and in the rate of taxation.

       Apex Motor Fuel Co. v. Barrett, 20 Ill. 2d 395, 401

       (1960).  The uniformity requirement prohibits

       taxing officials from valuating one kind of

       property within a taxing district at a certain

       proportion of its true value while valuating the

       same kind of property in the same district at a

       substantially lesser or greater proportion of its

       true value." (Emphasis added.) Kankakee County

       Board of Review v. Property Tax Appeal Board, 131

       Ill. 2d 1, 20 (1989). 

       

     We recognize that uniformity in the burden of taxation need

not be mathematically precise.  Apex Motor Fuel, 20 Ill. 2d at 401. 

We also note that reassessing only a limited group of properties in

a township is not per se indicative of an unequal tax burden. 

People ex. rel. Costello v. Lerner, 53 Ill. App. 3d 245, 249

(1977).  Under the facts of this case, however, we find that the

plaintiffs have proven an overvaluation of the subject property

when compared to other property in the township, in violation of

the uniformity clause.  

     We note that the record shows a significant portion of the

real estate in Tazewell County has an assessed valuation between 7%

and 63% of current market value as determined by recent actual

sales prices.  While the mass appraisal system used in Tazewell

County maintains proportional equalized valuation among the

properties within the township or county, it appears to have

little, if any, relationship to the true, or fair cash, value of

the property in the county.  Thus, the mere fact that the subject

property's assessment to sales price ratios fits within a range of

7% to 63% is of little importance in determining whether the

subject property has been assessed in violation of the

constitutional uniformity clause.  

     We must look instead to whether the use of a radically

different method of assessment from that used by the Review Board

to determine the value of most of the other property in the taxing

district violated the uniformity clause.  In People's Gas Light and

Coke Co. v. Stuckart, 286 Ill. 164, 173 (1918), our supreme court

held that the actions of the taxing body violated the uniformity

clause where it routinely assessed most taxpayers by simply copying

the assessment from the previous year, but assessed the appellant's

property and a few other properties at arbitrarily different rates,

each at a higher rate than it had been assessed in the previous

year.  Stuckart, 286 Ill. at 173.  In holding that the individual

assessments violated the uniformity clause, the Court held:

               "The board of equalization which made

       this assessment was bound to make it according to

       law and the rules which it had promulgated for

       assessing [property].  It did not do so but

       knowingly and intentionally disregarded its rules

       completely, making no pretense of applying them in

       the great majority of cases and making its

       valuation in individual cases according to its will

       without reference to the rules, instead of

       according to its judgment with reference to the

       rules.  The appellant was knowingly and

       intentionally discriminated against and the result

       was a fraud upon it.  The assessment cannot be

       sustained."  Stuckart, 286 Ill. at 177.     

          We find that, as in Stuckart, the Review Board's abandonment

of the mass appraisal method of assessment in a few individual

cases, including the plaintiffs, intentionally discriminated

against those property owners and resulted in a constructive fraud

upon the plaintiffs.  We find that the record supports the

plaintiffs' contention that the Review Board's valuation methods

resulted in comparable property being valued at a substantially

lesser proportion of its true value than the subject property. 

Kankakee County, 131 Ill. 2d at 20.  The assessment, therefore,

cannot be sustained.  

     As we are reversing the circuit court based upon nonconformity

within the uniformity of taxation clause of the Illinois

Constitution, we will not address plaintiffs' argument that the

Review Board violated the federal constitutional doctrine of equal

protection.

     In sum, we conclude that the PTAB erred as a matter of law in

removing the subject property from the mass appraisal method of

valuation used to value substantially all other property in the

taxing district.  Accordingly, we remand this cause for further

proceedings consistent with the views expressed herein.

     Reversed; cause remanded.

     MICHELA, J., concurs.  BRESLIN, J., dissents. 

                              No. 3--95--0813

_________________________________________________________________

                    IN THE APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

RICHARD T. WALSH and BARBARA  )    Appeal from the Circuit Court

J. WELSCH,                    )    for the 10th Judicial Circuit

                              )    Tazewell County, Illinois

     Plaintiffs-Appellants,   )

                              )

v.                            )    No. 95 MR 1

                              )

STATE OF ILLINOIS PROPERTY    )

TAX APPEAL BOARD and TAZEWELL )

COUNTY BOARD OF REVIEW,       )    Honorable

                              )    Donald Courson

     Defendants-Appellees.    )    Judge, Presiding

_________________________________________________________________

     JUSTICE BRESLIN, dissenting:

_________________________________________________________________

     Because I believe that the plaintiffs do not have a right to

insist that the Review Board assess their property at an amount

which is less than the fair market value, and because I believe the

PTAB lacked jurisdiction to consider the plaintiffs' constitutional

claims, I would analyze this case differently.  Therefore, I

respectfully dissent.

     The tax statute applicable during the tax year in dispute

mandates that "[e]ach tract or lot of real property shall be valued

at 33 1/3% of its fair cash value." 35 ILCS 205/20 (West 1992). 

The fact that "other property *** may have been undervalued is

irrelevant as to whether [the plaintiffs' property] was valued in

excess of fair market value." Rosewell v. United States Steel

Corp., 106 Ill. 2d 311, 478 N.E.2d 343 (1985).

     The plaintiffs admit that their property was assessed at its

fair cash value.  Thus, it is clear that the assessment was proper

under the statute.  But the plaintiffs's complain that they are

entitled to an assessment that is statutorily invalid because other

properties have received such an assessment.  In my view, the

plaintiffs are not entitled to such relief even though the mass

appraisal system that was used here is vulnerable to constitutional

attack.  Neither the PTAB nor the courts can order that an

incorrect assessment be substituted for an admittedly correct one. 

Two wrongs do not make a right.

     Moreover, the plaintiffs may not attack the constitutionality

of the mass appraisal system before the PTAB.  The statute that

provides for appeals to the PTAB limits the appeals before it. 

Section 111.1 of the Revenue Act of 1939 provides that a taxpayer

may appeal the decision of a Board of Review "as such decision

pertains to an assessment of his property for taxation purposes

***." 35 ILCS 205/111.1 (West 1992).  This is the only power of

review granted to the PTAB.  It is well settled that an

administrative body has only those powers that are expressly

granted to it by statute. E.g. People ex rel. Thompson v. Property

Tax Appeal Board, 22 Ill. App. 3d 316, 317 N.E.2d 121 (1974). 

Accordingly, I would hold that the PTAB lacked jurisdiction to

consider whether the assessment scheme used by the Review Board was

unconstitutional.

     In addition, I question whether the circuit court should

entertain such constitutional considerations in an administrative

review of a PTAB decision.  While it is true that the circuit court

may consider a constitutional challenge to a statute on

administrative review (Chicago Bar Ass'n v. Department of Revenue,

163 Ill. 2d 290, 644 N.E.2d 1166 (1994)), the plaintiffs in this

case have not challenged the constitutionality of a statute. 

Although judicial review of administrative decisions is available

in part to guard the constitutional rights of those who are subject

to administrative action (Murray v. Board of Review of Peoria

County, 237 Ill. App. 3d 792, 604 N.E.2d 1040 (1992)), judicial

review of constitutional questions that were not properly before

the administrative agency and that do not concern the agency's

conduct is not appropriate.  Accordingly, I would hold that

administrative review is limited to questions concerning the

constitutionality of the agency's actions and procedures.  Here,

the plaintiffs are not challenging the constitutionality of the

PTAB's procedures or decision.  They challenge instead the

constitutionality of the mass appraisal system as imposed by the

Pekin Township tax assessor.  Such a challenge must be brought

against Pekin Township in the Circuit Court to force township

officials to assess property in the township at its fair cash

value.

     To recap, property must be assessed at its fair cash value and

the PTAB's function is to determine whether the board of review has

complied with this statutory requirement.  In this case, the

plaintiffs agree that their property was assessed at its fair

market value, and they have not claimed that the PTAB acted

unconstitutionally in reviewing the assessment.  Rather, the

plaintiffs claim that the Review Board's assessment method is

unconstitutional.  This is not the type of claim that the PTAB may

consider, nor is administrative review of the PTAB's decision the

appropriate method to raise this challenge.